BURKE *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RY. CO.

Opinion delivered March 4, 1899.

1. EQUITY—REMOVAL OF CLOUD ON TITLE.—One claiming an equitable title to land, but not in possession, cannot maintain a suit in equity against one in possession under claim of title, to remove a cloud on the title, but must first establish his legal title at law. (Page 258.)

2. SAME—TRANSFER OF CAUSE.—Where a bill in equity to quiet title alleged that plaintiff could not get adequate relief at law, and the trial court sustained a demurrer to the complaint for want of jurisdiction, which ruling was affirmed on appeal, it is too late, on a motion for rehearing, to suggest for the first time that the chancellor should have transferred the cause to the circuit court in accordance with Sand. & H. Dig., § 6121. (Page 259.)

Appeal from Pulaski Chancery Court.

THOMAS B. MARTIN, Chancellor.

*P. C. Dooley,* for appellant.

Equity has jurisdiction to remove a cloud from title where the owner has only an equitable title. 37 Ark. 645; 44 Ark. 437; 29 Ark. 619; Sed. & W. Tr. Tit. § 154; Pom. Eq. § 1399; 63 Ark. 412. Even if plaintiff was in possession, he could go into equity to clear his title. 17 How. 47; 94 U. S. 812; 110 U. S. 15; 3 Pet. 447; Sedg. Const. & Stat. Law, § § 488, 548; 44 Ark. 436; 43 Ark. 28; 3 Pom. Eq. § 1399; 23 Wall. 466; 19 How. 271; 130 U. S. 177; 22 Ark. 109; 133 U. S. 471. Equity has jurisdiction also because appellant has no adequate remedy at law. 36 Ark. 456; 23 Wall 470; 3 Pet. 210.

*Dodge & Johnson,* for appellee.

One who asks equitable relief in removing a cloud from his title must be in possession, or the lands must be wild and unoccupied. Sand. & H. Dig. § 6121; 56 Ark. 730; 113 U. S. 555; 27 Ark. 233; 27 Ark. 95; *Ib.* 417; *Ib.* 680; *Ib.* 158; 30 Ark. 585; 37 Ark. 645; 39 Ark. 202; 43 Ark. 32. The overdue tax decree of the chancery court was *res judicata,* and not subject to collateral attack. 13 U. S. C. C. A. 345.

BUNN, C. J. This is a bill in equity to cancel a deed under which defendants claim title and hold possession, and to quiet plaintiff's title, which is an equitable title only, and he out of possession. Demurrer to the complaint sustained, and plaintiff appeals.

The plaintiff alleges in his bill that his father, James H. Burke, on the 10th of April, 1872, purchased from Alexander George, grantee of the state, the lot in controversy, namely: "Twenty feet off the south end of lot 6 in block 1, in Pope's addition to the city of Little Rock," for the consideration of $1,300, but for "business conveniences" had the deed made to his father, the grandfather of plaintiff, John Burke; that the understanding was that John Burke, Sr., was to hold merely as a trustee for the benefit of the heirs and assigns of the purchaser, the said James H.

S C—9

Burke, and that plaintiff is his only son and heir, he having died soon after the purchase, and that John. Burke, Sr., now also deceased, always recognized his title to be only that of a trustee, and in support of this plaintiff files, as an exhibit to his complaint, the answer of said John Burke, Sr., in another suit concerning the same property, in which he disclaims all other ownership, except in trust.

The plaintiff further shows, in his complaint, that defendants are in possession, claiming under a quitclaim deed from one E. S. Stiewel, who held under a deed made in the chancery court of Pulaski county in an overdue tax proceeding, and calls this deed in question for some alleged errors and irregularities in said overdue tax proceedings, and charges fraud upon the defendant Junction Railway Company in making said deed call for false and erroneous description of the property, and makes other collateral attacks upon said deed and the proceedings upon which it is founded.

The defendants demurred on five several grounds: First, generally; second, because plaintiff had adequate remedy at law; third, because plaintiff out of possession could not maintain an action to remove opposing title; fourth, because the action is one properly triable at law; and fifth, because there is no equity in the bill.

There were various other steps taken in the case, but the foregoing statements are all that are necessary to be made in order to understand the point at issue.

This is a case in which the plaintiff has only an equitable title, and in order to obtain the legal title or a legal title, if ever he can, he must do so at the conclusion of a controversy with third parties, and then be permitted to controvert the title and possession of the defendants by a collateral attack upon their deed in chancery, the defense of the defendants being purely legal. While the plaintiff is thus, in the first instance, seeking to establish his legal title as against the third parties, the defendants herein are required, as it were, to stand by as parties defendant, but nevertheless as idle spectators for the time being, until the plaintiff has secured standing ground upon which to make his contest

against them.   If the defendants' deed is assailable at all collaterally, it is assailable at law, and at the instance of one having a better title.

This case is settled by the principles announced in the case of *Ashley* v. *Little Rock,* 56 Ark. 391, wherein it is said: "Equity has no jurisdiction of a suit against an adverse claimant in possession of land to remove cloud on the title, nor to decree partition thereof."

The demurrer of the defendants to the jurisdiction of the court was properly sustained.

Affirmed.


ON REHEARING.

Opinion delivered May 20, 1899.

BUNN, C. J.   As the ground for this motion, it is stated that "this court erred in holding that the demurrer of the defendants to the jurisdiction of the lower court was properly sustained, and in affirming the judgment appealed from, whereas this court should have reversed the cause and directed the lower court to transfer the cause to the Pulaski circuit court, in accordance with Sandels & Hill's Digest, § 6121."

The appellant contends that this cause went off in the court below, on the ground of demurrer that an equity court was without jurisdiction, and that, under Sandels & Hill's Digest, § 6121, the bill should not have been dismissed, but the court should have transferred the cause to the Pulaski circuit court.

This theory does not appear to have been presented, or even suggested, to the court below, nor was it contended for on appeal until the decree was affirmed; and then only by way of motion for new trial.   It would have been but fair to the chancellor to suggest that, instead of an order of dismissal, on sustaining the demurrer to the complaint, he should have ordered the proper transfer of the case to be made, for the clause of said section 6121 peculiarly applicable to this case, as between the appellant and the two appellee companies, is in these words:   "If any defendant in a cause in equity be in actual possession claiming adverse title,

the cause as to him shall be transferred to the law docket" or to the law court, as plaintiff and appellant now contends for the first time in his motion for a new trial.

The complaint in this case was to quiet title, or rather, as expressed in the prayer of the complaint, "that the pretended title of the defendant, Little Rock Traction Railway Company, be annulled; that it be required to surrender its pretended deed for cancellation; that defendant be enjoined from hereafter asserting title to it (the lot)," and other relief. One paragraph of the complaint is in these words: "Complainant avers that possession of said property by him is inadequate relief; that if he should be restored to complete possession, the defendant would continue to publicly assert and claim title to said property by means of said colorable deed, and to prevent complainant from selling or disposing of it, and make such other use of it as he has a right to do." Here he was laying his grounds for equitable relief, and claiming that he could get adequate relief only in equity. It is a little strange that at this late day he should recant and now ask us to compel the chancellor to do just what he (the plaintiff) would not permit him to do when before him.

To the original complaint a demurrer containing several causes was interposed, among them the non-joinder of parties, was sustained, with leave to plaintiff to amend, which he did by making the unknown heirs of John Burke parties defendant. This was done to establish title to himself, without which he had none. This amended complaint was also demurred to on several grounds. In the meantime the plaintiff had voluntarily dismissed his complaint as to the unknown heirs of John Burke, and thus placed himself just where he started. The court sustained the last demurrer as he did the first, and dismissed the bill for want of equity, but without prejudice, so that plaintiff might bring his suit in the proper court, should he so desire. What else the chancellor could have done, in harmony with plaintiff's prayer, is not seen. The chancellor might well have ordered the transfer, but as the plaintiff made no complaint, nor suggested any to us on appeal, he cannot complain at this time.