## DRIVER *v*. GAREY.

### Opinion delivered March 22, 1920.

1. JUDICIAL SALE—SUFFICIENCY OF ORDER DIRECTING SALE.—Where the receiver of an insolvent corporation filed a report describing among other property a certain 80-acre tract of land by definite description as an asset of the corporation, and the court directed the receiver, as commissioner, to sell the property of the corporation, such order was broad enough to embrace the 80 acres.

2. APPEAL AND ERROR—REHEARING.—The court will not set aside its judgments and decrees upon motion for rehearing upon grounds and theories not appearing in the pleadings nor insisted upon in the abstract and brief of counsel.

Appeal from Mississippi Chancery Court, Osceola District; *Archer Wheatley,* Chancellor; affirmed.

*J. T. Coston,* for appellants.

1. The order of sale directed the commissioner only the "property of said Wisarkana Lumber Company subject to the lien in favor of C. S. Dickerson and John McNaughton, trustees," and did not authorize the commissioner to sell any land not subject to that lien.

2. The land involved in this suit was not embraced in the mortgage and not subject to lien of Dickerson & McNaughton, trustees, and it was clearly an error (clerical) to include the land involved here. *"Expressio unius est exclusio alterius."* 2 Wallace, 640-1, is a case similar to this. The tract here was located in Mississippi County, was sold in Craighead County without a *lis pendens* notice and without a description of the land in the complaint, the mortgage or the decree, upon a notice which did not state in what case or at what term of court the decree of sale was rendered. The sale was void and confirmation did not cure the nullity. 91 Am. Dec. 621; 9 Bush 667; 78 S. E. 240; 48 Atl. 158. A master's report settles no rights. 23 Wall. 410. Purchasers at judicial sale only when the power to make the sale is expressly given. 1 Wallace 636. See also 45 S. W. 780, 555; 31 Ark. 80; 29 *Id.* 643; 55 *Id.* 564-6. There was no description of the land and no authority to sell the land in controversy and the order of sale was void.

*W. J. Driver,* for appellee.

By the express terms of the trust deed the land was in equity included in the property subject to the lien in favor of the bondholders. 35 Ark. 304. After acquired property is subject to the lien. 125 Ark. 85; 35 *Id.* 304. See also 38 Ark. 17. The land was properly described in the complaint and mortgage, or sufficiently described. 37 Ark. 155; 92 *Id.* 299; 125 *Id.* 291. The notice of sale was complete and included the land in controversy. The report of sale was complete and duly confirmed. 31 Ark. 74.

HUMPHREYS, J. Appellee instituted suit against appellants in the Mississippi Chancery Court, Osceola District, to quiet title to the south one-half of the northwest quarter of section 7, township 11 north, range 9 east, in said district of Mississippi County, Arkansas, which it was alleged, appellants claimed under and by

virtue of a sheriff's sale, of date January 15, 1916. Appellee asserted title through *mesne* conveyances from the purchaser at a commissioner's sale, of date October 9, 1915, under decree of the chancery court of Craighead County.

Appellants filed answer, attacking the validity of the commissioner's sale and deed made pursuant thereto, on the ground that the court's order of sale failed to particularly describe the land.

The cause was submitted to the court upon the pleadings and evidence, which resulted in a decree quieting and confirming the title to said real estate in appellee, from which decree, an appeal has been duly prosecuted to this court.

Appellants insist that appellee failed to establish a title of sufficient strength to prevail in the action. Appellee's title is based upon an order of sale made by the chancery court of Craighead County in a suit between *Jones Lumber Company* v. *Wisarkana Lumber Company,* in which order the property in question was not specifically designated or described. On the first day of March, 1907, the Wisarkana Lumber Company, a corporation, executed a mortgage on all the property, real, personal and mixed, then owned or thereafter to be acquired by it, to C. S. Dickinson and John McNaughton, trustees, to secure a bond issue by said company for $75,000. The only real estate specifically described in the mortgage was situated in the Jonesboro District of Craighead County. Thereafter, the corporation acquired real estate in Poinsett and Mississippi Counties, including the 80 acres of land in question. On the 11th day of September, 1912, G. W. Jones Lumber Company recovered judgment against the Wisarkana Lumber Company for $43,595.75 in the circuit court of Craighead County, Jonesboro District. On the 9th day of January, 1913, the Jones Lumber Company commenced an action in the Craighead Chancery Court, Western District, against the Wisarkana Lumber Company, to subject its assets to the payment of the judgment aforesaid, subject

to the trust deed made to C. S. Dickinson and John Mc-Naughton. A. J. Tipler was appointed receiver to take charge of the assets of the insolvent corporation, and listed in his report the 80 acres in question, by particular description as an asset of the corporation. On the 27th day of August, 1915, the receiver, who was appointed commissioner, was ordered, as commissioner, to sell, at public sale, the property of said Wisarkana Lumber Company to satisfy the judgment of the Jones Lumber Company, upon notice by publication in each county where the property of said company was located, the sale to "be subject to the lien in favor of C. S. Dickinson and John McNaughton, trustees, and in the notice of the sale, said prior lien shall be expressly referred to." The commissioner's sale's notice and report of sale described the 80-acre tract. The sale of the tract, with other lands, was confirmed, deed ordered, made and approved. Appellee thereafter, through *mesne* conveyances, acquired the title to said tract.

The only question presented by this appeal for determination is whether the order of sale made by the court was broad enough to embrace the 80-acre tract in controversy. Or, to state the question differently, was it necessary to particularly describe the tract in the order of sale to validate the sale? It is contended that the peculiar wording of the order limits it to only such land as was bound by the mortgage lien to C. S. Dickinson and John McNaughton. We do not think the language of the order restricts the land to be sold to that described in the deed of trust from the Wisarkana Lumber Company to the trustees aforesaid. The language of the order is: "The commissioner shall offer the property of said Wisarkana Lumber Company, or so much as may be necessary, to satisfy said judgment and decree for sale at public outcry." The order then provides for the terms and place of sale, and that it shall be subject to the lien of certain trustees. The order also directed that the commissioners should give notice of the sale by publication in, "each county where the property of said

Wisarkana Lumber Company lies.'' We think the order, construed as a whole, embraced all the lands of the Wisarkana Lumber Company, wherever situated, in this State. The intent was to protect the lien of the trustees on the lands embraced in the trust deed, and not to limit the lands to be sold to those described in said deed. The order of sale was made in a proceeding of insolvency, in which a receiver was appointed to take charge of the assets of a defunct and nongoing corporation. Certainly the intent was to subject all the assets of the defunct corporation, if necessary, to the payment of the large judgment recovered, and not merely to subject an equity in lands covered by a lien in the sum of $75,000. The contention is made, however, that the order is void as to the 80-acre tract, because not specifically described in the order. This court ruled in the case of *Kulbeth* v. *Drew County Timber Co.,* 125 Ark. 291, that it was not necessary to the validity of an administrator's sale to describe the lands in the order, where the petition asked the sale of all the decedent's lands. Such was the prayer of the petition in the case wherein the order of sale was made. The receiver was appointed to take charge of the assets of the defunct corporation. He did so and filed a report, including the 80-acre tract, by definite description, as an asset of the corporation. It is argued that the reason of the rule, announced in *Kulbeth* v. *Drew County Timber Co., supra,* is that death of a party immediately vests the probate court with jurisdiction over his property. The court contented itself with announcing the rule, without advancing the reason therefor. If the reason for the rule advanced by learned counsel for appellant be the correct one, it might be said that the case in which the order of sale was made is so closely allied, or akin, to probate matters that it falls within the same class and should be governed by the same rules. Proceedings in insolvency necessarily draw all the property of the insolvent within the jurisdiction of the court in which such assets are administered. In effect, the proceeding is an administration on the assets

of the insolvent for the benefit of the insolvent's creditors.

No error appearing, the judgment is affirmed.

HUMPHREYS, J. (on rehearing). On rehearing, it is contended that the insolvency proceeding, in which the 80-acre tract in question was sold, was void, because the insolvency laws of Arkansas, under which the proceeding was instituted, were suspended by the Bankruptcy Act of Congress, of July, 1, 1898, and the amendments thereto. The decree ordering the sale of said land was attacked in the pleadings and trial of the cause because the 80-acre tract in question was not particularly described in the decree. It was contended in the original abstract and brief of appellants that the decree ordering the sale was void upon the identical ground presented by the original pleadings and evidence. It is contrary to the practice of this court to set aside its judgments and decrees upon motion for rehearing upon grounds and theories not appearing in the pleadings and insisted upon in the abstract and brief of counsel.

The motion for rehearing is therefore denied.