Carol Jane PARKER et al *v.*
Elizabeth P. MOBLEY

78-184                                577 S.W. 2d 583

Substituted Opinion on Rehearing
delivered February 19, 1979
(In Banc)

[Rehearing denied March 26, 1979.]

*Davidson, Plastiras, Horne, Hollingsworth & Arnold, Ltd.,*
by: *Cyril Hollingsworth,* for appellants.

*Mobley & Smith,* by: *William F. Smith,* for appellee.

JOHN I. PURTLE, Justice. This case is now considered upon a Petition for Rehearing filed on January 26, 1979, in which it is sought to have us reconsider our opinion of January 15, 1979. We deem it appropriate to state the facts

again since our prior opinion has already been published in the advance sheets.

Parker Parker executed a will in 1973 in which he left one of his four children only a token amount. Sometime in 1976 he executed another will but subsequently supervised its destruction in his presence and that of two other witnesses. Mr. Parker died on November 6, 1976. Shortly thereafter, the 1973 will was admitted to probate by the widow and promptly contested by appellee. Two of his daughters entered the contest in support of upholding the probate of the 1973 will.

In the meantime the parties commenced an action in the Pope County Chancery Court concerning the establishment of a lost or destroyed will. By agreement both cases were tried together. The chancery matter is moot and will not be considered here.

The trial court held the revocation of the 1973 will by execution of the 1976 will and the intentional destruction of the 1976 will caused the decedent to die intestate. The appellants contend on appeal that, as a matter of law, the court erred in failing to uphold the 1973 will as admitted by probate.

Ark. Stat. Ann. § 60-406 (Repl. 1971) provides a will may be revoked (a) by subsequent will; or, (b) by destruction at the direction of the testator before two witnesses who will not benefit by such destruction. Since the 1973 will left the widow only that property to which she, by law, is justly entitled, it is obvious she would not benefit by destruction of the 1976 will because he could not have left her less in it than that to which she would be entitled to receive by law. If the second will left her more, then certainly she did not benefit by its destruction. The other witness to the destruction of the will received nothing in the 1973 will, so it is obvious she would not benefit by destruction of the 1976 will.

Although it is undisputed that the 1976 will contained a clause revoking all prior wills, it is not necessary under the present law that such clause be contained therein as the subsequent will automatically revokes the earlier one. Ark. Stat.

Ann. § 60-406 (Repl. 1971). Neither is it disputed that the entire and complete contents of the 1976 will were not proven. There were no copies of the 1976 will found and even the secretary's notes were lost or destroyed. It would be near impossible to prove all the contents of a destroyed will if a good job of destruction was employed, as was apparently the case here. Also, to require full proof of all the contents of a subsequent will which had been destroyed would allow any prior undestroyed will to be proven as a valid will if either it or copies should be located. Such results were never intended by the laws of Arkansas. Appellants contend it is necessary to prove the entire will and its contents before it operates as a revocation of a former will. The proof required, before a lost or destroyed will may be established, is set out in Ark. Stat. Ann. § 60-304 (Repl. 1971), as follows:

> No will of any testator shall be allowed to be proved as a lost or destroyed will, unless the same shall be proved to have been in existence at the time of the death of the testator, or be shown to have been fraudulently destroyed in the lifetime of the testator; nor unless its provisions be clearly and distinctly proved by at least two (2) witnesses, a correct copy or draft being deemed equivalent to one (1) witness.

In this case it was not sought to prove a lost or destroyed will. Rather it was sought to prove the will was destroyed at the direction of the testator. There is no dispute among the parties that the testator did in fact oversee the literal destruction of the 1976 will.

Since the 1973 will was effectively revoked by execution of the 1976 will, in accordance with Ark. Stat. Ann. § 60-406 (Repl. 1971), and the 1976 will was destroyed as stated above, the decedent died intestate.

Admittedly, *Reed* v. *Johnson*, 200 Ark. 1075, 143 S.W. 2d 32 (1940) appears at first sight to be in direct conflict with the present case. In *Reed* the evidence of the alleged lost or destroyed will was vague in all respects. No two witnesses

agreed about what it contained or whether it was typed or in ink or whether it contained two or three pages. In fact, there was no direct evidence that it actually ever existed as a valid will. Also, the circumstantial evidence was that Reed said he was going to burn it. There was no evidence indicating Reed carried through his threat to burn the will or that he otherwise procured its destruction as set out in Ark. Stat. Ann. § 60-406(b) (Repl. 1971). In *Reed* the moving force behind the decision was predicated upon the possibility of fraud and, since the proof in *Reed* was not clear and unequivocal, as it is here, the underlying reason for the *Reed* decision is here absent. The facts in *Reed* are different in that the court stated:

> We do not think the proof introduced by the contestees, the substance of which is set forth in this opinion, meets the requirements of the rule of evidence required to annul or revoke a former will by a subsequent will. No witness testifies or attempts to testify to the entire contents of the purported, 1936, will of John F. Reed. One or two of them testify that it contained a revocation clause and one or two of them testify that it contains a disposition of subsequently acquired lots of property to the execution of the 1930 will, and one of them says that it made disposition of his property equally to all his heirs. There are discrepancies in their testimony as to whether it contained more than two pages and whether it was in writing or in type. The will offered for probate was regular in form and met all the requirements of the statute including the attestation of witnesses, and we do not think that such a will should be overthrown by fragmentary, uncertain or inconclusive testimony of the character and kind introduced by appellees who are the contestants herein.

Clearly, the court in *Reed* found the proof was not of the caliber needed to prove a lost or destroyed will. The court so much as said had the proof been more strict it would have withstood the test then used to prove a lost or destroyed will. Obviously it was the skimpy and uncertain proof which led to the court's decision.

In the present case the proof is clear and unequivocal, and in fact not in dispute, that the 1976 will was in existence until its deliberate destruction at the direction of testator. There are no uncertainties as existed in *Reed*. We would simply have to hold that the present statutes do not mean what they say if we hold the 1973 will valid. The 1976 will destroyed by the testator after its execution was in the plain words and meaning of the statute, in accordance with the law, and its very execution had revoked the prior will.

We do not overrule *Reed* to the extent that it still correctly states the proof and method of establishing a will which has been lost or destroyed by accident or design of some person other than the testator.

Ark. Stat. Ann. § 62-2117 (Repl. 1971) was enacted nine years after *Reed* and repeals all conflicting laws. This statute completely leaves out any procedure for establishing a will which has been effectively destroyed by the testator. It does provide for the method of proving a will which has been lost, or destroyed by accident or design of some person *other than the testator*. The only logical reason for not making provisions for proof of a will destroyed intentionally by a testator, in accordance with Ark. Stat. Ann. § 60-406(b) (Repl. 1971), is obvious, there is no will to prove — it has been legally and physically extinguished.

If the decedent desired to reinstate his 1973 will, he could have easily followed the provisions of Ark. Stat. Ann. § 60-408 (Repl. 1971) which states:

No will or any part thereof which shall be revoked, or which shall become invalid, can be revived otherwise other than by reexecution thereof, or by the execution of another will in which the revoked or invalid will or part thereof is incorporated by reference.

There is no other manner by which a revoked will may be revived other than as above stated. It was not reexecuted in the above manner nor was any attempt made to do so. We cannot now do it.

In view of the undisputed facts and the law as it now exists, we are of the opinion that the execution of the 1976 will effectively revoked the 1973 will. The intentional physical destruction of the 1976 will, in the manner required by law, left the testator without an existing will. Everyone is presumed to possess knowledge of the legal consequence of his acts or omissions. Whatever the reason the decedent had, he failed to reexecute either of his known former wills or publish a new one. Therefore, he died intestate. The Petition for Rehearing is granted and the case remanded with directions to proceed in accordance with the decision of the trial court.

Affirmed.

GEORGE ROSE SMITH and FOGLEMAN, JJ., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I would deny the rehearing. I adhere to the original opinion. Even a partial overruling of *Reed* v. *Johnson*, 200 Ark. 1075, 143 S.W. 2d 32 is not justified. It construed a statute and, if its holding is not literally a rule of property, it is in nature and effect.

Furthermore, the overruling or limitation of *Reed* is based in substantial part upon Ark. Stat. Ann. § 62-2117 (Repl. 1971). Neither the application of that statute nor its effect on the statutes (which were involved, and relied upon by the parties and this court) was an issue, either here or in the trial court. It was not mentioned until the petition for rehearing was filed. To quote from appellant's brief, on rehearing:

> Heretofore, Ark. Stat. Ann. § 62-2117 (1971 Repl.) has been overlooked.

Also,

> The Appellees herein admittedly have not previously called to this honorable Court's attention the arguments contained herein, the various distinctions between *Reed* and the case at bar, and the differences in the applicable statutory requirements.

Since this is the case, the question raised by petition for rehearing is not to be considered, and the rehearing is improperly granted. *Burke* v. *St. Louis, I. M. & S. Ry. Co.,* 72 Ark. 256, 51 S.W. 458; *Driver* v. *Garey,* 143 Ark. 112, 220 S.W. 667; *Burks Motors, Inc.* v. *International Harvester Co.,* 250 Ark. 641, 466 S.W. 2d 943; *Arkansas State Highway Com'n.* v. *Coffelt,* 257 Ark. 770, 522 S.W. 2d 839; *Berry* v. *Gordon,* 237 Ark. 547, 865, 376 S.W. 2d 279, 289; *Bost* v. *Masters,* 235 Ark. 393, 361 S.W. 2d 272, 277; *Midland Valley Rd. Co.* v. *LeMoyne,* 104 Ark. 327, 148 S.W. 654; *Chronister* v. *Skidmore,* 198 Ark. 261, 129 S.W. 2d 608; *Vincennes Steel Corp.* v. *Derryberry,* 194 Ark. 37, 106 S.W. 2d 571.

The rule against raising new issues on a petition for rehearing should have particular impact in a case of this sort.

I am authorized to state that Mr. Justice George Rose Smith joins in this opinion.