## WOOD *v.* HOLLAND.

### Opinion delivered May 1, 1897.

ESTOPPEL—REDEMPTION FROM MORTGAGE SALE.—A mortgagor is not estop-
ped to redeem land from a sale under the power contained in the mort-
gage by the fact that, in ignorance of his right to redeem, he consented
that the purchaser should take possession before the period of redemp-
tion expired, whereby another was induced to purchase the land and to
make improvements thereon.   (Page 106.)

MORTGAGE—TENDER.—To redeem from a sale under the power in a mortgage
it is sufficient within a year after the sale to tender the amount for which
the property sold with interest and costs of sale, and as to the balance
of the mortgage debt remaining unpaid it is sufficient to offer in the
complaint to pay the amount found due.   (Page 107.)

Appeal from White Chancery Court.

DAVID W. CARROLL, Chancellor.

### STATEMENT BY THE COURT.

This suit in equity was brought by appellants, J. F. & C. W. Wood, to redeem certain land sold under power of sale contained in a mortgage. The mortgage had been executed by appellants to Holland and Sanders to secure payment of six hundred dollars. When the land was sold under the power of sale contained in the mortgage, it was purchased by Holland, one of the mortgagees, for the sum of $250. After the sale, Ellingwood, one of the appellees, agreed to purchase the land from Holland, provided he could get possession. He then went to see appellants, and they agreed to give him possession at once if he would assist them in moving to another place, which he did. The evidence shows that at this time neither Ellingwood or the appellants believed that a right to redeem existed. Upon the promise of appellants to give possession of the land, Ellingwood purchased the same, took possession, and made improvements thereon. The chancellor held that the appellants were estopped by their conduct from redeeming the land, and he dismissed the suit for want of equity.

This case has been twice before this court previous to this appeal, and a fuller statement of the facts out of which the case arose may be found by referring to former opinions. *Wood* v. *Holland*, 53 Ark. 69; also 57 Ark. 198.

*Ben Isbell*, for appellants.

For former proceedings in this case see 53 Ark. 69 and 57 *id.* 198. The evidence fails to sustain the plea of estoppel. 96 U. S. 332. Mortgagors may impeach sales for inadequacy of consideration paid. 20 Am. & Eng. Enc. Law, 610, note 1; 50 Mo. 388; 5 Gill (Md.), 75. Equity does not require one having title to property to seek out a party who is about to purchase from a supposed owner, and inform him of his title; all it requires is that he shall do no act, nor be guilty of any misleading silence or apparent acquiescence, by which another may be entrapped into a transaction which he would not have entered upon if he had been advised of the objection. 7 Am. & Eng.

Enc. Law, note 14; 39 Ark. 131.    See also 15 Am. &. Eng
Enc. Law, notes p. 14; 41 Mich. 54; 102 Ind. 524.    Acquies-
cence apart from knowledge creates no estoppel.    4 McCrary,
232.

   *J. W. House*, for appellees.

   1.   By reason of the contract and agreement with Elling-
wood, which induced him to take possession of the property
and make valuable improvements thereon, appellants are estop-
ped from redeeming the land.    It would now be unjust and un-
equitable.    22 Am. Dec. 397; 7 *id*. 427; 2 Pom. Eq. Jur. § 804;
4 Sandf. Ch. 438; 6 Johns. Ch. 166; 100 U. S. 578; 9
Wall. 254; 39 Ark. 131; 37 *id*. 47; 38 *id*. 571; 24 *id*. 371;
48 *id*. 409; 45 *id*. 37; 18 *id*. 143.    A mistake of law does
not avail them; it was by their own acts, words and conduct
that Ellingwood was induced to buy, enter and make valuable
improvements on the land.    2 Johns. Ch. (N. Y.) 60; 7 Paige,
137–143; 42 Am. Dec. 447; 60 Ga. 390; 79 Ill. 233; 8 Ill.
506; 49 Ark. 241; 6 Johns. Ch. (N. Y.) 167.

   2.   No sufficient tender has ever been made.    53 Ark. 69, 71.

   RIDDICK, J., (after stating the facts.)   We are not able
to agree with the contention that appellants are estopped from
asserting their right to redeem the land in controversy.    An
estoppel must in general have reference to facts, past or exist-
ing.   "A statement concerning future facts would either be a
mere expression of opinion, or would constitute a contract, and
be governed by the rules applicable to contracts."    2 Pomeroy's
Equity, § 808.    The evidence does not, in our opinion, show
that the appellants made an agreement that they would not
redeem, and the facts upon which the right to redeem existed
were as well known to appellees as they were to appellants.
There could have been no misrepresentation or concealment
concerning such facts sufficient to work an estoppel, and none
is claimed.    The evidence, we think, clearly shows that the
agreement between Ellingwood and the appellants had refer-
ence only to the possession of the land, and that no agreement
was made concerning the right to redeem, for the reason that
both parties were of the opinion that no right to redeem
existed.    The mere fact that appellants consented that Elling-

wood might take possession of the land before the expiration of the year allowed for redemption does not estop them from exercising their right to redeem. The mortgage debt being due and unpaid, the mortgagees and those holding under them had the right to possession, subject to the right of the mortgagor to redeem and compel an accounting for the rents. 2 Jones, Mort. (5th Ed.), §§ 1114, 1215. If it be true that the appellants knew that Ellingwood intended to make improvements upon the premises under the belief that he was the absolute owner thereof, and made no objection, it was because both parties were ignorant of the fact that the right to redeem existed. Ellingwood may be entitled to receive pay for the improvements, but the fact that they had been made does not cut off the right to redeem.

It is further contended that the decree must be affirmed for the reason that the evidence does not show that the appellants have tendered the full amount of the debt secured by the mortgage and interest thereon. But this contention cannot be sustained. It is not denied, but expressly admitted, that, within one year after said sale under the power contained in the mortgage, the appellants duly tendered the amount for which the property sold, with interest and costs of sale. This was a sufficient tender. *Wood* v. *Holland*, 53 Ark. 69. As to the remainder of the mortgage debt, it was sufficient to offer in the complaint to pay the amount found to be due. This court has heretofore decided that the allegations of the complaint on this point are sufficient. *Wood* v. *Holland*, 57 Ark. 198; 3 Pomeroy, Eq. Jur., § 1219. But to determine the amount, if any be still due upon the mortgage, it is necessary to state an account between the parties, and for that purpose a reference to a master is necessary. If it should appear, upon a statement of an account between the parties, that appellants have not tendered an amount sufficient, when taken in connection with the rents, to pay off the whole mortgage debt, the complaint should not be dismissed, but the appellants should be given a reasonable time to pay the balance found due. 3 Pomeroy, Eq. Jur. (2d Ed.), § 1227.

For the errors indicated, the decree of the White chancery court is reversed, and the cause remanded for further proceedings.