RIPLEY *v.* KINARD.

Opinion delivered October 9, 1922.

ESTOPPEL—CONCLUSIVENESS AGAINST HEIR.—Where a person owning land represented that he had conveyed it to his wife, and thereby induced another to purchase it from her, he was thereby estopped from asserting any interest as against the purchaser, and his privies in blood and estate are likewise estopped.

Appeal from Union Chancery Court; *J. Y. Stevens,* Chancellor; affirmed.

*Geo. M. LeCroy,* for appellant.

1. Testimony as to statements and representations made by J. E. B. Summers, deceased, the common source of title, in disparagement of the title, to-wit: that the land belonged to his wife, etc., was incompetent. 45 Ark. 477; 79 *Id.* 418; 87 *Id.* 496; 90 *Id.* 149; 96 *Id.* 589; 75 Kan. 76, 9 L. R. A. 224.

2. If such testimony were true, it would not estop the heirs of J. E. B. Summers, deceased. His representations, if made, were not acted upon until after his death. 97 Ark. 397.

3. One, to avail himself of the benefits of estoppel, must act upon the representations during the lifetime of the one sought to be estopped.

*Jesse B. Moore,* for appellee.

1. The testimony relative to J. E. B. Summer's declarations as to the title of the land being in his wife, made to Wood pending the negotiations and consummation of the sale, was competent and admissible; and not only would Summers himself have been thereby estopped, but also his privies in blood and title. 69 Ark. 637; 16 Cyc. 722-A; 125 Ark. 146, 150; 33 Ark. 465; 91 Ark. 148; 96 Ark. 350; 55 Ark. 296; 39 Ark. 134; 136 Ark. 405, 414. This testimony was admissible, because these declarations on the part of Summers formed a part of the *res gestae* in the negotiations and transactions between himself and Wood. Encyc. of Evidence, vol. 11, pp. 295, 296; *Id.* pp. 333-4; 9 Cush., 36; 66 Ark. 494, 500; 20 *Id.* 225; 11 Encyc. of Evidence, 379-B. A person who intentionally induces another to act on his representations will be estopped from denying their truth, wherever this would occasion wrong or injustice to him who acted upon such reliance. 55 Ark. 296, 299. And to defeat the estoppel on the ground of notice, actual, and not constructive, notice or knowledge must be shown. *Id.;* 47 Ark.

335; Bigelow on Estoppel, 627; 93 Ind. 480; 103 **Mass.** 501; 38 Mo. 55; 58 Miss. 30; 19 Minn. 32.

HUMPHREYS, J.   This is an appeal from a decree of the Union Chancery Court, dismissing appellant's complaint for the want of equity.   Appellant instituted suit in ejectment against appellee in the circuit court of said county, alleging that he owned an undivided one-sixth interest in the N. W. ¼ N. W. ¼, sec. 1, and the N. E. ¼ N. E. ¼, sec. 2, tp. 19, S., R. 15 W., deraigning his title, through mesne conveyances, from the government; that, by virtue of his ownership, he was entitled to the possession thereof, but that appellee unlawfully held same adversely to him.   Appellee filed an answer denying each and every material allegation in the complaint, and, by way of further defense, pleaded an equitable estoppel, which latter plea carried the case to the chancery court, where it was tried upon the pleadings and evidence introduced by the respective parties.

The facts revealed by the record, necessary to a determination of the issue involved on this appeal, are as follows:   The land was conveyed by the government to J. E. B. Summers, who died intestate in the early fall of 1898, leaving six heirs, one of whom, Robert Summers, was yet unborn.   This posthumous child attained to the age of 21 years on the 21st day of July, 1920, at which time he conveyed an undivided one-sixth interest in said land, for valuable consideration, to his brother-in-law, L. A. Ripley, the appellant herein.   According to the undisputed testimony of O. P. Wood, which was competent, although objected to by appellant, he bought the land through J. E. B. Summers from his wife, Laura Summers.   He testified that late in the summer of 1898, at the instance of Mr. Summers, he went to look at the land; that he spent the night with Summers; that Summers told him he had conveyed the land to his wife, Laura Summers, because he was involved financially; that he liked the land, and was inclined to buy it; that early in the fall Mr. Summers

came to El Dorado, and, as agent for his wife, sold him the land; that he agreed to pay him $300 for it, part cash and part on time; that in a few days Mr. Summers died, and within 15 or 20 days thereafter his wife, Laura Summers, in accordance with the verbal contract made with Mr. Summers, executed a bond for title to said land to him for $100 cash and $200 on time, evidenced by his two promissory notes; that he took possession within thirty days, and resided upon the land continually thereafter until October 3, 1918 or 1919, at which time it was conveyed by his wife, to whom he had conveyed it on August 18, 1909, to the appellee; that during the time he occupied it he placed improvements upon it to the value of about $1,800; that on December 6, 1900, he paid Laura Summers the balance of the purchase money, and obtained a deed from her of that date to the land, which he placed of record; that he was induced to buy the land upon the representations of J. E. B. Summers and his wife to the effect that he had conveyed it to her and that she was the owner of it; that he purchased it in good faith, relying upon the representations as true; that he occupied and improved it thereafter, believing in good faith that he and his wife were the true owners. At the time appellees purchased the land he took immediate possession and, in good faith, believing himself to be the sole owner, made improvements thereon to the value of $400 or more.

The vital question presented by this appeal is, whether appellant is precluded, by the facts thus detailed, from recovering an undivided one-sixth interest in said land. The common source of title is J. E. B. Summers. If he estopped himself, by his representations, from ever thereafter asserting any interest in or to said lands, then his privies in blood and estate would also be estopped. J. E. B. Summers represented to the purchaser from his wife that she was the owner of the land, and through that means effected the sale. We think he clearly estopped himself by making this representa-

tion, which was relied upon by the purchaser, from setting up any claim in his lifetime to the land. The undisputed facts bring the instant case within the rule of equitable estoppel announced by this court in the case of *Jowers* v. *Phelps,* 33 Ark. 465, and approved in the case of *Baker-McGrew Co.* v. *Union Seed & Fertilizer Co.,* 125 Ark. 146, which rule is as follows: "A party who, by his acts, declarations, or admissions, or by failing to act or speak when he should, either designedly or with wilful disregard of the interest of others, induces or misleads another to conduct or dealings which he would not have entered upon but for this misleading influence, is estopped to assert his right afterward, to the injury of the party so misled." The successors in title to J. E. B. Summers occupy exactly the same position he had in his lifetime. Appellant being his privy in estate, he must fail.

The judgment is therefore affirmed.