THOMAS *v.* SPIRES.

Opinion delivered December 23, 1929.

674

*Fred A. Isgrig,* for appellant.

*Taylor Roberts,* for appellee.

HART, J., (after stating the facts). The record shows that Gilbert Lee, Jr., was the owner of the land, and that he executed a warranty deed to the land to Freed G. Spires. It is true that the record also shows that the land was sold in 1922 for the nonpayment of taxes for the year 1921, but this sale was void because the records in the county clerk's office do not show that the result of the school election for the school district in which the land was situated was certified as required by § 8955 of Crawford & Moses' Digest, and the results of the election certified by the county board of election as required by § 8878 of Crawford & Moses' Digest. This rendered

the sale void. *Worthen* v. *Badgett,* 32 Ark. 496, and *Alexander* v. *Capps,* 100 Ark. 488, 140 S. W. 722.

The proper proof was made by L. W. Adams, deputy county clerk, who said that he had been employed in that office for about fourteen years, and was familiar with the land and the tax records of the office for the years 1921 and 1922. He testified that he had made a thorough examination of the records in the office, and knew that the delinquent list had not been posted as required by the statute, and that there had been no certificate showing that a school tax had been voted in the school district in which the land was situated, and that the record showed that the land was sold for the nonpayment of such school taxes as well as for the other State and county taxes due on it. This was sufficient. While matters of record must be proved by exemplification of the record, negative matter may be proved by those familiar with the record and papers. *Hendry* v. *Willis,* 33 Ark. 833.

But it is insisted that the plaintiff only put the defendants on notice that the tax forfeiture was for the sale under taxes for the year 1921. This does not make any difference. The evidence of the deputy county clerk showed that there had only been a sale of the lands in 1922 for the nonpayment of the taxes of 1921. The defendants did not claim any surprise, and the trial court had a right to treat the pleadings as amended to conform to the proof, in the absence of objections made at the time by defendants on the ground of surprise. *Bennett* v. *Snyder,* 147 Ark. 206, 227 S. W. 402.

Thus we see that the record shows that the paper title to the lands in controversy is in the plaintiff, and that he is entitled to the possession of the lands, unless he is barred of relief by the facts proved on the plea of estoppel *in pais* by the defendants. In this connection it may be stated that the plaintiff, as grantee of Gilbert Lee, Jr., the original owner of the land, is his privy in estate and must fail if, under the facts proved, Gilbert Lee would fail if he were a party plaintiff. *Ripley* v.

*Kinard,* 155 Ark. 172, 244 S. W. 3, and *Straughan* v. *Bennett,* 153 Ark. 254, 240 S. W. 30.

As a general rule an estoppel *in pais* may be set up in actions at law as well as in suits in equity. 21 C. J. 1118, § 121, and Pomeroy's Equity Juris. (3 ed.), vol. 2, § 801; *Dickerson* v. *Colgrove,* 100 U. S. 578, and *Barnard* v. *German-American Seminary,* 49 Mich. 444, 13 N. W. 811. In that case the Supreme Court of Michigan, speaking through Mr. Justice Cooley, held that estoppels *in pais* are called equitable estoppels because they arise upon facts which render their application, in the protection of rights, equitable and just, and that they are just as readily and fully recognized in courts of law as in courts of equity.

The principle invoked is that a party who, by his acts, declarations or admissions, either deliberately or with willful disregard of the interests of another, induces him to conduct or dealings which he would not have otherwise entered upon is estopped to assert his rights afterwards to the injury of the party so misled. *Jowers* v. *Phelps,* 33 Ark. 465, and *Merchants' & Planters' Bank* v. *Citizens' Bank,* 175 Ark. 417, 299 S. W. 753.

Many other cases laying down the principle might be cited, but we do not deem such action necessary in the present case. The underlying principle is that the conduct of the party misleading the other involves fraud, and the remedy is available for the protection of the party induced to act to his injury by reason of the fraudulent conduct and declarations of the other.

If it be conceded that the conduct and declarations of Gilbert Lee, Jr., to G. W. Thomas, as shown by the evidence for the defendants, were sufficient to operate as an equitable estoppel or an estoppel *in pais,* still the judgment must be affirmed. The reason is that the case was tried before the court sitting as a jury, and its finding must be upheld, for there is evidence of a substantial nature to support it. The evidence of Gilbert Lee was of such a substantial character as to warrant the court

in finding that he was not estopped from asserting title to the land. It is true that on cross-examination he testified that he did not remember whether or not he had told Thomas that he was not going to redeem the land, and that he could donate it, still in other portions of his testimony he said that he told Thomas that, if he could get anybody to redeem the land, he would keep it. In his direct examination he denied having any talk with Thomas about donating the land. He testified that he allowed Thomas to move on the land because he thought anybody had a right to donate it, and that he could not help himself. Again, he stated that the reason he moved off the land was that the house he lived in had burned down, and stated several times that it was his intention to keep the land if he could get any one to redeem it for him. Thus it will be seen that the court was justified in finding that the admissions he made to Thomas were made in ignorance of his own rights, because the record showed that the forfeiture for the nonpayment of taxes and the sale thereunder were void. It will be remembered that Lee testified that he permitted Thomas to move on the land because he thought he could not prevent it, and that any one had a right to donate the land. Under these circumstances the court was justified in finding that whatever declarations he made to Thomas were not made with the full knowledge of his own rights, and that he was not estopped to claim title to the land.

No other issue is raised by the appeal. The parties agreed that the claim of the plaintiff for rent and damages should be offset by the claim of defendants for taxes and improvements.

Therefore, the judgment will be affirmed.