WALKER, Chief Justice.
About the year 102S, H. E.' Odem and his brother J. F. Odem built a partnership gin at a cost of about $50,000, on a small tract of 1.693 acres'of land out of the northwest corner of a large tract of 2,195 acres owned by H. E. Odem in San Patricio county.. The gin tract was separately fenced from the balance of the larger tract and had on it a railroad spur for the use of the gin, and the necessary gin houses. No other improvements were on this small tract, but houses occupied by Mexican tenants on the 2,195 acres were built near the gin tract. ■ The gin and tenant houses were known as “Odem.” The gin was operated through the ginning seasons by H. E. and J. F. Odem up to the entity of judgment in this cause in the lower court on the 22d of October, 1933. At the time the gin was built, the 2,195 acres of land were subject to a deed of trust to secure an indebtedness of H. E. Odem in the sum of $80,000. On the 21st day of July, 1931, H. E. Odem deeded his brother J. F. Odem an undivided one-half interest in the gin tract. This deed was not recorded. On the 26th day of August, 1931, the gin tract was released from the’ $80,000 deed of trust.. Continuously from the date of its erection, the gin was operated as a partnership venture. On September 21, 1931, I-I. E. Odem was heavily indebted to Sinton State Bank, of which he was president, owning 127 shares of its capital stock, and J. F. Odem was active vice president. J. F. Odem, nor the gin partnership, owed any part of that debt. On that date, though he owned, through warranty deed from his brother an undivided one-half interest in the gin tract and gin property, to meet the demand of the bank examiner that H. E. Odem secure his indebtedness to the bank and any future indebtedness, J. F. Odem induced his brother to execute a deed of trust on the entire gin tract of 1.693 acres of land to secure his bank indebtedness. This instrument was filed for record on the day of its execution and duly recorded on the next day in the deed of trust records of San Pa-tricio county. On the 3d day of October, 1931, Sinton State Bank was adjudged insolvent and has been in liquidation since that date. A stock assessment of $12,700 was levied against H. E. Odem. On the 2d day of February, 1932, First National Bank of Rockport recovered judgment in the district court of Aransas county against I-I. E. Odem for $3,-338.33, with interest, costs, etc. This judgment was properly abstracted and indexed in San Patricio county on February 3, 1932. On April 27, 1932, H. E. and J. F. Odem executed a deed of trust on the entire gin tract to secure J. M. Wells in an indebtedness jointly owed by them in excess of $30,000. Subsequently, J. M. Wells died. On July 31, 1933, Sinton State Bank, through the proper officers, instituted this suit against I-I. E. Odem for judgment on his indebtedness to the bank and the amount of his stock assessment and to foreclose the deed of trust lien on the entire 2,195 acres of land, including the gin tract of 1.693 acres. J. F. Odem, First National Bank of Rockport, and the J. M. Wells heirs were made parties defendant on allegations that they were asserting some sort of claim to the 2,195 acres of land, which claim, in fact, was inferior to the claim of the bank. The Odems filed only formal answers and made no further appearance in the case on their own behalf. The other defendants answered pleading their liens againsi the land, as described above, each claiming a first and superior lien against the gin property. On trial judgment was rendered for Sin-ton State Bank against I-I. E. Odem for the full amount sued for in the sum of $49,910, for the Rockport Bank in the amount of it ■> Aransas county judgment, and the Wells heirs in the sum of $36,213.94. On the issue of liens the judgment of the lower court was that as among the parties to this litigation Sinton State Bank had a first lien against the 2,195 acres, less the gin tract of 1.693 acres, and a first lien against I-I. E. Odem’s one-half undivided interest in the gin tract and that this bank had no lien whatever against J. F. Odem’s undivided one-half interest in the gin tract. It was further adjudged that the Rockport Bank had a second lien against the 2,195 acres, less the gin tract, and a first lion against J. F. Odem’s undivided one-half interest in the gin tract. It was further adjudged that the Wells heirs had a second lien inferior to the lien of Sinton State Bank against I-I. E. Odem’s undivided interest in the gin tract, and a second lien inferior to the lien of the Rockport Bank against J. F, Odem’s undivided one-half interest in the gin *897 tract. The Sinton State Bank alone prosecuted an appeal from that judgment to the San Antonio Court of Civil Appeals, transferred to this court by orders of the Supreme Court.
Opinion.
The lower court erred in decreeing to First National Bank of Rockport a lien against J. F. Odem’s undivided one-half interest in the gin tract. J. F. Odem’s possession of this tract, as a member of the gin partnership, and as a tenant in common with his brother I-I. E. Odem, from 192S up to the time this case was tried, visited the Rock-port Bank with actual notice of the nature and extent of his title to the gin tract. Under article 6627, only those creditors are protected who, when abstracting their judgments, were “without notice” of the unrecorded instrument. 2Q Tex. Jur., subject Judgments, § 545. Note 15, Annotations to article 6627.
 It is the law that a deed of trust executed by a tenant in common against the entire common property as if he were its sole and absolute owner, with the knowledge, consent, and request of his cotenant, is as binding upon the eotenant who does not join in the execution as if he had, in fact, been a party to its execution jointly with the grantor. Texas & P. Coal & Oil Co. v. Kirtley (Tex. Civ. App.) 288 S. W. 619; Yan Deventer v. Gulf Production Co. (Tex. Civ. App.) 41 S.W.(2d) 1029. That is exactly what J. F. Odem did in this case. Not only was the deed of trust executed by his brother conveying the entire property, with his knowledge and consent, but also at his active solicitation and request. Therefore, this deed of trust was as binding on J. F. Odem as if he had been a party to its execution. As J. F. Odem was estopped to question the validity of the deed of trust in favor of Sinton State Bank in so far as his interest in the gin property was concerned, his subsequent mortgagee, J. M. Wells, was also estopped to raise the issue that J. F. Odem owned an undivided one-lialf interest in the property not covered by the deed of trust. Allen v. Daniel, 94 Ark. 141, 126 S. W. 384; Straughan v. Bennett, 103 Ark. 254, 240 S. W. 30.
It follows that the judgment of the lower court must be reformed in the-following respects: Sinton State Bank should be decreed a first and superior lien upon the whole of the 2,195 acres, including the gin tract of 1.693 acres; First National Bank of Rock-port should be decreed a second lien inferior to that of Sinton State Bank on the 2,193 acres, exclusive of the gin tract, and a second lien on I-I. E. Odem’s undivided one-half interest in the gin tract; and it should be further decreed that it has no lien on the interest of J. F. Odem in the gin property. The Wells heirs should be decreed a second lien on J. F. Odem’s undivided one-half interest in the gin tract subject to the lien -of Sinton State Bank, and a third lien on I-I. E. Odem's undivided one-half interest in the gin tract, subject to the liens of both banks. The mortgaged property should be sold as follows: First, the 2,195 acres, less the gin tract, which sale would be subject to the $80,009 deed of trust, which is in no way involved in this lawsuit; second, the gin tract. The proceeds of the sale of this property should be divided among the lien holders in the order of their priority, as herein adjudged. In all other respects the judgment of the lower court should be affirmed. And it is accordingly so ordered.
Reversed and rendered in part; reformed and affirmed in part, and in part affirmed.