LYTTON *v.* JOHNSON.

5-2930                                      365 S. W. 2d 461

Opinion delivered March 11, 1963.

*Gentry & Gentry,* for appellant.

*Richard W. Hobbs,* for appellee.

FRANK HOLT, Associate Justice. The appellant, Dagmar Joy Johnson Lytton, brought this suit against the appellee, Lewis P. Johnson, individually and as executor, to have a recorded deed declared void on the allegation of it being a forgery. The original deed was not produced in evidence.

The chancery court dismissed appellant's complaint "for lack of proper proof and evidence and for want of equity." On appeal, for reversal appellant relies on the following points: (1) The legal presumption given to a recorded deed, properly acknowledged, was overcome by appellant's proof and (2) the preponderance of the testimony shows that the deed and acknowledgment was a forgery.

Appellant is the daughter of Mabel F. Johnson and Charles H. Johnson, both deceased, the mother and father having been divorced in 1924. Subsequent to the divorce, the father of appellant conveyed several lots of property to her and had the deed recorded on April 13, 1926. Appellant testified that she did not know of the conveyance by her father to her until the death of her mother in April, 1961.

A deed, dated November 12, 1929, from appellant to Mabel F. Johnson reflects that it was acknowledged before a notary public on November 15, 1929. The deed was recorded in 1938.[1] The deed recited consideration of $500.00 and love and affection. Appellant, also, claims no knowledge of this deed from her to her mother. It is this deed that appellant alleges to be a forgery.

Mabel Johnson married the appellee, Lewis P. Johnson, a nephew of her former husband who was Dagmar's father, in May, 1930. Appellee testified that his wife kept the deed in the safe in her flower shop and gave it to him to have recorded in 1938 so that a loan could be procured by them for the purpose of building a residence on such property which they did. He testified that he has not been able to find the original deed.

Appellant testified that the purported date of the acknowledgment of the deed, November 15, 1929, was the date on which she married a previous husband. She testified that she did see a notary public that day but that it was for the purpose of transferring some traveler's checks. Appellant asserts that the failure of appellee to produce the original deed created the presumption that if such deed were produced it would be favorable to appellant's claim. The failure or inability of the appellee to produce the original deed, under the facts in this case, raised only suspicions against the validity of the duly recorded instrument. *Temple, Administrator* v. *Smith, et al,* 222 Ark. 834, 262 S. W. 2d 898.

Although we do not have the original deed before us, we have held:

"A certificate of acknowledgment was appended to the mortgage, and it was duly placed of record, and this made a *prima facie* case of the proper execution of the deed. Crawford & Moses' Digest, § 1532 [Ark. Stat. 28-921]; *Polk* v. *Brown,* 117 Ark. 321, 174 S. W. 562; *Nevada County Bank* v. *Gee,* 130 Ark. 312, 197 S. W. 680." *Straughan* v. *Bennett,* 153 Ark. 254.

---

[1] At the time this deed was recorded in 1938, nine years after its date, facilities for photostating such instruments were not available in the recorder's office.

See also *Lynn* v. *Quillen,* 178 Ark. 1150, 13 S. W. 2d 624.

The burden is upon appellant, therefore, to disprove the authenticity of the acknowledgment. In the case of *Miles* v. *Jerry,* 158 Ark. 314, 250 S. W. 34, we said:

" * * * This court has uniformly held that where a grantor appears and makes some kind of acknowledgment before an officer authorized by law to take such acknowledgment, the recitals of the certificate of such officer, regular on its face, are, in the absence of fraud or duress, conclusive of the facts therein stated. *Bell* v. *Castleberry,* 96 Ark. 564, 132 S. W. 649.

A different question presents itself in the case of a certificate of acknowledgment alleged to have been forged. A proper acknowledgment is an essential part of the execution of a conveyance of land, and it is competent for the grantor to show the falsity of a certificate of acknowledgment. Where the grantor never appears before an officer to acknowledge the deed and the officer makes a false certificate that the grantor did appear, his act is wholly without authority of law, and void. Every one must be subject to the risk of forgery by officers authorized to take acknowledgments. No one can claim that an estate in land should be divested by forgery, and the forgery need only be established by a preponderance of the evidence."

Whether it be contended that the acknowledgment was wrongfully made by the notary or that the notary's acknowledgment was forged, we feel that from a review of the record appellant has failed to sustain her burden of proof. This court was faced with a similar situation in *O'Kane* v. *First National Bank of Paris,* 189 Ark. 396, 72 S. W. 2d 537, where we said:

" * * * Appellant stands alone in denying that she appeared and acknowledged the instrument. She is contradicted, not only by her interest in the result of this lawsuit, but by the certificate of the officer and two officers and employees of the bank, and by her admission that she actually signed her name to it. The burden was upon her to establish the falsity of the certificate of the notary, and this she has failed to meet."

In the instant case, appellant admitted that she appeared before a notary on November 15, 1929, for the purpose of transferring some traveler's checks. We cannot think of a situation in which it would be necessary for a notary to acknowledge such a transaction and there is no such proof offered. This statement, that she appeared before a notary, along with the fact of appellant's interest in the lawsuit, plus several inconsistencies in her testimony, warranted the chancellor in ruling that she had not sustained her burden of proof. We cannot say that the chancellor's finding was against the preponderance of the evidence.

The decree is, therefore, affirmed.