2009 Ark. 505

**Sondra JONES, Appellant,**

v.

**Norma OWEN, Larrie Owen, Patsy Willhite, Betty Black, Susan Fox, Johnnie Kent, and Tommy Smith, Appellees.**

**No. 08–1436.**

Supreme Court of Arkansas.

Oct. 22, 2009.

H. Ray Hodnett, Van Buren, for appellant.

James Troy Gaston, Greenwood, for appellees.

ANNABELLE CLINTON IMBER, Justice.

Appellant Sondra Jones, the personal representative and sole beneficiary of the estate of decedent Billy Joe Smith, appeals from a judgment entered by the Sebastian County Circuit Court on September 16, 2008, in favor of Appellees Norma Owen, Larrie Owen, Patsy Willhite, Betty Black, Susan Fox, Johnnie Kent and Tommy Smith. Appellant raises two points of error. First, she alleges that the circuit court erred in ruling that the decedent's power of attorney in favor of Appellee Larrie Owen, the decedent's brother-in-

law, was valid. Second, she maintains that the circuit court erred in holding that the power of attorney granted Appellee Owen authority to gift the decedent's real property to Appellees, the decedent's siblings. Appellees, in turn, argue on cross-appeal that the circuit court erred in creating a constructive trust in the estate's favor over the decedent's remaining property. Because this appeal involves a significant issue needing clarification or development of the law, our jurisdiction is pursuant to Ark. Sup.Ct. R. 1–2(b)(5). For the reasons stated herein, we hold that the power of attorney was invalid, and therefore, that Appellee Owen had no authority to transfer the decedent's real property. Accordingly, we reverse the circuit court's ruling to the contrary. As to Appellees' point on cross-appeal, we affirm the circuit court.

In 1966, decedent executed a valid will bequeathing his entire estate on his death to his wife, Appellant's mother, and on her death, to Appellant. This will was never revoked. In April 2005, decedent's divorce from his wife was finalized. Decedent died on February 25, 2006; his then ex-wife died one month later.

▐ Prior to his death, decedent signed a power of attorney in favor of Appellee Owen. Though all parties agree that the decedent signed this instrument willingly, Appellant argues on appeal, as she did below, that the power of attorney was not properly acknowledged. The Arkansas Supreme Court reviews matters in equity de novo on the record, with respect to both factual questions and legal questions. *Hudson v. Kyle*, 365 Ark. 341, 229 S.W.3d 890 (2006). As the circumstances surrounding the execution of the power of attorney are critical to determining its validity, we relate them in detail here.

Two versions of the power of attorney, identical in their language, were admitted into evidence. Both were prepared by the decedent's attorney, Wayland Parker, and notarized by Parker's secretary, Rene Cates. One version had been signed by the decedent in the presence of Appellee Owen and Attorney Parker. Appellee Owen testified that he dated the document November 20, 2004, both above the decedent's signature and on the certificate of acknowledgment. There is no dispute that Cates was not present at the time the decedent signed the power of attorney. Likewise, the authenticity of Cates's signature on the certificate is not disputed. The second version of the power of attorney was never signed by the decedent, but Cates had signed the certificate of acknowledgment and Appellee Owen had dated it April 4, 2004, which was a Sunday.

When asked about the procedure she follows in notarizing documents, Cates testified that she was usually present when Parker's clients signed documents and that she usually dated the certificate of acknowledgment herself. However, both she and Parker testified that if Parker planned to meet with a client early in the morning or on a weekend, he would ask Cates to sign the certificate of acknowledgment beforehand. No one was able to remember the procedure followed when the decedent signed the November 20 power of attorney. Indeed, though it is her signature on the certificate of acknowledgment, Cates was not able to recall signing that particular certificate.

The circuit court found that, despite the questionable circumstances surrounding the acknowledgment of the November 20 power of attorney, the instrument was nonetheless valid pursuant to the provisions of Ark.Code Ann. § 21–14–111. This statute provides as follows:

(a) It is unlawful for any notary public to witness any signature on any instrument unless the notary public either:

(1) Witnesses the signing of the instrument and personally knows the signer or is presented proof of the identity of the signer; or

(2) Recognizes the signature of the signer by virtue of familiarity with the signature.

(b) Any notary public violating this section shall be guilty of a Class A misdemeanor.

(c) For purposes of this section, "personally knows" means having an acquaintance, derived from association with the individual, which establishes the individual's identity with at least a reasonable certainty.

Ark.Code Ann. § 21–14–111 (Repl.2004). Cates was able to recognize the decedent's signature because he had been Parker's client for a long time. Based on Cates's familiarity with the decedent's signature, the circuit court held that she had fulfilled her duty under Ark.Code Ann. § 21–14–111(a)(2), and therefore the acknowledgment was valid.

The Arkansas Court of Appeals has certified this case to us on the issue of whether Ark.Code Ann. § 21–14–111 governs the validity of the acknowledgment. Section 21–14–111 is a criminal statute that outlines when a notary public may be held liable for an improper notarization. Although a violation of Ark.Code Ann. § 21–14–111 would be sufficient to invalidate an acknowledgment, it does not constitute the only grounds for finding an acknowledgment deficient. In the instant case, even if Cates were not subject to criminal liability for her notarization of the decedent's signature on the instrument, section 21–14–111 would not be dispositive. At issue here is the validity of the power of attorney, not Cates's criminal liability.

■ The proper method for the acknowledgment of a signed instrument has been statutorily outlined and discussed in prior case law. A power of attorney may be properly executed in one of three ways, including "[i]n the presence of a notary public who shall acknowledge the instrument." Ark.Code Ann. § 28–68–304(a)(3)(A) (Repl.2004). The notary public who takes an acknowledgment must "know or have satisfactory evidence that the person making the acknowledgment is the person described in and who executed the instrument." Ark.Code Ann. § 16–47–205 (Repl.1999). For any deed or instrument affecting real property, an acknowledgment is taken "by the grantor appearing in person before a court or officer having the authority by law to take the acknowledgment and stating that he had executed the deed or instrument for the consideration and purposes therein mentioned and set forth." Ark.Code Ann. § 16–47–106(a) (Repl.1999). We have held that the grantor may, at some time after signing an instrument, appear before a notary public in person to acknowledge his or her signature on the document. *O'Kane v. First Nat'l Bank of Paris,* 189 Ark. 396, 72 S.W.2d 537 (1934). The grantor may even acknowledge his or her signature via a telephone conversation with the notary public. *Abernathy v. Harris,* 183 Ark. 22, 34 S.W.2d 765 (1931). However, if the grantor never appears to acknowledge his or her signature on the instrument, but the notary public falsely certifies that the grantor did appear, the acknowledgment is void. *Lytton v. Johnson,* 236 Ark. 277, 365 S.W.2d 461 (1963); *Nevada County Bank v. Gee,* 130 Ark. 312, 197 S.W. 680 (1917).

■ The purpose of a notary public taking an acknowledgment of an instrument is to certify the identity of the person who executed the instrument. In other words, the notary public has been entrusted by the State with the responsibility of certifying the bona fides of the instrument's exe-

cution—that the person making the acknowledgment "is the person described in and *who executed* the instrument." Ark. Code Ann. § 16–47–205 (emphasis added). By signing the certificate of acknowledgment, the notary public attests that he or she *has performed* this duty. A notary public has properly taken an acknowledgment when he or she witnesses the signing of an instrument or when the signer subsequently appears before the notary and acknowledges his or her signature on the instrument. Ark.Code Ann. § 28–68–304(a)(3)(A); *O'Kane v. First Nat'l Bank of Paris, supra*. The very purpose of the acknowledgment is defeated if the notary public signs the acknowledgment certificate *before* there is a signature on the instrument.

■ Based upon our de novo review of the record before us, it is clear that Cates signed the certificate of acknowledgment for the November 20 power of attorney before the decedent signed the instrument. Both she and Parker testified that this was not an uncommon practice when, as in this case, the client was expected to sign the instrument at ₇a time when Cates would not be present in the office. Also, it is undisputed that Cates did not date the certificate of acknowledgment. Appellee Owen confirmed that he dated the document above the decedent's signature and on the certificate of acknowledgment. Thus, the date on the certificate was left blank so that the same date could be inserted on the power of attorney and the certificate of acknowledgment. Moreover, the existence of an unexecuted version of the power of attorney dated April 4, 2004, with Cates's signature on the certificate of acknowledgment, confirms that it was not unusual for Cates to sign the certificate before the instrument itself had been executed.

Finally, the circuit court questioned the credibility of Cates's testimony that she had verbally verified the decedent's signature on the power of attorney. Thus, even if Cates had signed the acknowledgment after the decedent executed the power of attorney, there was no credible proof that the decedent appeared before her as required to confirm his signature. Accordingly, we hold that Cates's improper notarization of the acknowledgment is fatal to the validity of the November 20 power of attorney.

Because any acts that Appellee Owen performed pursuant to the power of attorney would also be invalid, we affirm the circuit court's ruling as to the decedent's remaining personal property. Because Appellee Owen was not authorized by the power of attorney to sell the decedent's personal property, the circuit court did not err in placing the proceeds in a constructive trust for the estate. *See, e.g., Cox v. Miller*, 363 Ark. 54, 210 S.W.3d 842 (2005) (the duty to convey property pursuant to a constructive trust may arise where the ₈property was acquired through the wrongful disposition of the property). We remand to the circuit court for entry of an order granting appropriate relief consistent with this opinion.

Reversed and remanded on direct appeal; affirmed on cross-appeal.