## THOMASSON vs. GROCE.

[ASSUMPSIT—SUBSTITUTION OF PLEADINGS.]

1. *Original pleadings ; substitution of ; notice.*—Notice of a motion to sub-
stitute a copy of the summons and complaint in lieu of the original,
which had been lost, need not to be given to the opposite party.
2. *Appellate court; bill of exceptions, how constructed.*—The appellate court
will make every reasonable intendment to sustain the ruling of the
court below, and will construe a bill of exceptions most strongly against
the party taking it.
3. *General affirmative charge.*—Where the facts are clear and undisputed,
there is no error in a charge to the jury, "that under this evidence
they should find for the plaintiff the amount of the principal of said
note, with interest from its maturity."

APPEAL from the Circuit Court of Talladega.
Tried before Hon. JOHN HENDERSON.

THIS action was brought by appellate against appellant,
(and Savery, as to whom the suit was abated,) was com-
menced on the 5th day of October, 1866, and was founded
on a promissory note made by the defendant, payable to
the plaintiff.   The facts necessary to understand the ques-
tion of law decided in the case, will sufficiently appear
from the opinion of the court.   The court below charged
the jury, "that under the evidence, they must find for the
plaintiff the amount of the principal of said note, with
interest from its maturity," to which charge the defendant
excepted.

JOHN T. HEFLIN, for appellant.
JOHN PHELAN, *contra.*

JUDGE, J.—The court below did not err in permitting
a copy of the summons, and complaint, to be substituted
in lieu of the original, which had been lost.   Previous no-
tice of the motion to substitute was not necessary, as from
the time the original process in a cause is served, until the

final judgment, the parties are presumed to be in court, and need no further notice of the orders there taken in the cause.—*Broxon vs. Broxon*, 23 Ala. 684; Code, § 2268. See also, *Wilkerson vs. Branham*, 5 Ala. 608. But in this case the appellant appeared and resisted the motion, and necessarily had notice of it.

We are informed by the bill of exceptions, that after the cause had been submitted to the jury, the plaintiff, to sustain the cause of action set out in the complaint, introduced the affidavit of John W. Bishop, describing the note sued on, and stating that it had not been paid or otherwise discharged, but had been lost or destroyed since the commencement of the action. The bill of exceptions states further, that " the plaintiff then introduced a witness, who testified that at the commencement of the suit, the witness was in possession of a paper writing purporting to be a promissory note of the same tenor and effect of the note specified in the complaint, and that the same had been lost since the commencement of the suit, and could not be produced or found on diligent search ;" and further, that, " to the introduction of *this evidence*, the defendant objected separately," &c.

There can be no doubt but that preliminary proof of the loss or destruction of a written instrument must be made before evidence of its contents can be received ; and that such preliminary proof should be addressed to the *court*, and not to the *jury*. But we can not say that this rule was violated in the present case ; while we are informed the affidavit was introduced, the bill of exceptions does not state, with sufficient certainty, that it was introduced *as evidence to the jury* ; and we can not place the court in error by intendment on the construction of a bill of exceptions, which must be construed most strongly against the party taking it. Furthermore, we must hold, under the influence of the same rule of construction, that the *exception* to the ruling of the court as to the evidence introduced, refers to the evidence of the witness which immediately precedes the statement of the exceptions, and does not apply to the introduction of the affidavit; and the admission of the evidence of the witness, was free from error.

The charge of the court was no invasion of the province of the jury. The facts were clear and undisputed; and in every such case, the court may well give the law as applicable to the facts, without hypothesis.—*Williams v. Shackelford*, 16 Ala. 318.

Judgment affirmed.