ANDREW ROSEBERRY, Respondent, v. KATE M. H. NIXON, Appellant.

*When a case should be submitted to the jury, although the evidence is uncontradicted.*

Although the general rule is that where a witness testifies distinctly and positively to a fact, and is uncontradicted, his testimony should be credited, yet where the witness, called to prove the defendant's case, was the husband and agent of the defendant, having an interest in the success of the defense, in fact a party to it, the court is bound, under this condition of the evidence, to submit the case to the jury.

Appeal by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 14th day of January, 1889, after a trial before the court and a jury at the New York circuit, at which a verdict was rendered in favor of the plaintiff for the sum of $300.

*E. Bartlett*, for the appellant.

*Cornelius Fiske*, for the respondent.

Van Brunt, P. J.:

This appellant claims a reversal of this judgment upon two grounds: First, because the court refused to direct a verdict; and, second, because of some remarks which the court made in submitting the case to the jury.

The last objection is clearly untenable, because the judge expressly told the jury to disregard what he had said to counsel, and that which is objected to formed no part of his instructions to the jury.

The court was right in refusing a direction. It is, undoubtedly, true that the general rule is that where a witness testifies distinctly and positively to a fact, and is uncontradicted, his testimony should be credited; but this rule is subject to many qualifications. One is, that where a witness may be biased by his interest, the case is one for the jury. (*Elwood* v. *Western Union Telegraph Co.*, 45 N. Y., 549.)

The same principle has been held in numerous other cases. This interest need not necessarily be pecuniary; it may arise from the relationship of the witness to one of the parties. The only witness to prove the defendant's case was the husband and agent of the defendant having an interest in the success of the defense, in fact, a party to it. The court was bound, under this condition of the evidence, to submit the question to the jury.

The judgment appealed from should be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed, with costs.