ALVAN TALCOTT, TRUSTEE, *vs.* GEORGE E. MEIGS.

Third Judicial District, New Haven, January Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Section 3016 of the General Statutes provides that the retention of possession by the mortgagor of any machinery, engines, or "implements" situated and used in any manufacturing or mechanical establishment, shall not impair the title of the mortgagee of such personal property. *Held*, that a portable safe situated in the office of a manufacturing establishment and used for the sole purpose of keeping the books, papers and cash of the mortgagor, appertaining to the business, was an "implement" within the meaning of the statute and therefore the subject of mortgage; and that the trial court erred in refusing to so charge the jury.

It is not essential that implements mortgaged by a manufacturer should be peculiarly adapted to his particular business, or necessary for its prosecution. It is enough if they are in fact situated and used in his establishment for the benefit of the business there carried on, and are suitable and proper for such use.

In the present case the mortgage deed to the plaintiff described the property mortgaged as subject to a prior mortgage to a third party; and the defendant, a vendee of the mortgagor, claimed that if he was liable to any one, he was liable to the first mortgagee and not to the plaintiff. *Held*, that in this State there is no difference, in this respect, between mortgages of real and of personal property; that a second mortgage of chattels, executed and recorded in conformity with the statute, conveys to the second mortgagee a legal interest in the property, with a right of immediate possession against any one not claiming under the first mortgage; and therefore the defendant could not avail himself of the outstanding first mortgage to defeat the plaintiff's recovery.

[Argued January 24th—decided February 8th, 1894.]

ACTION to recover damages for the conversion of a safe :

brought to the Court of Common Pleas in New Haven County and tried to the jury before *Deming, J.* Verdict and judgment for the defendant and appeal by the plaintiff for alleged errors in the rulings and charge of the court. *Error and new trial granted.*

The case is sufficiently stated in the opinion.

*Henry G. Newton* and *Livingston W. Cleaveland* for the appellant (plaintiff).

*Edmund Zacher* and *A. N. Wheeler* for the appellee (defendant).

BALDWIN, J. General Statutes, § 3016, secures the title of a mortgagee, notwithstanding the retention of possession by the mortgagor, under a mortgage, duly recorded, of "any manufacturing or mechanical establishment, together with the machinery, engines, or implements situated and used therein." The plaintiff holds a second mortgage on a silk mill, together with machinery, engines and sundry other articles of personal property particularly described in the mortgage as situated and used therein. Among these articles is an iron safe of moderate size and value. This the mortgagor, while remaining in possession, sold to the defendant, who took it for a valuable consideration and without actual notice of the mortgage.

The main question in controversy between the parties is whether the safe can be considered as an "implement" within the meaning of § 3016.

The first statute respecting mortgages of manufacturing establishments was passed in 1832, and was restricted in its operation to the factory and its machinery. In 1837 (Stat., Ed. 1838, p. 74) its provisions were "extended and applied to the machinery, engines and implements in and used by" the establishment. At this date, the word "implement" also occurred in our statutes, in the provision exempting from execution "implements of the debtor's trade," (Ed. 1838, p. 63, § 74,) and in that forbidding taverners from keeping in

or about their houses "any cards, dice, tables or billiards, or any other implement used in gaming." (Ed. 1838, p. 166, § 101.) The first use of this term in the legislation of the State was in an "Act concerning Executions." As given in the Revision of 1702, (p. 32,) the goods of a judgment debtor exempt from levy were "necessary apparel, bedding, tools and arms, or implements of the household which are for the necessary upholding of his life." Substantially the same words of description were retained until 1821, in the revision of which year (p. 56, § 74) they are replaced by these: "necessary apparel, bedding and household furniture necessary for supporting life ; arms, military equipments, implements of the debtor's trade," etc. It would seem from this change of phraseology that household "furniture" was deemed in 1821 to mean the same thing, in the language of the day, which household "implements" did at the beginning of the preceding century. The word "tools," for which in this revision was substituted the phrase "implements of the debtor's trade," was held by this court not applicable to "such implements only as are used by the hand of one man," but to cover, as respected printers, the printing press, cases and types. *Patten* v. *Smith*, 4 Conn., 450, 454. In 1858, a statute was enacted, which declares that the provisions as to "mortgages of the machinery, engines, or implements, situated and used in any manufacturing or mechanical establishment," * * * "shall be and the same are hereby made applicable to the presses, types, cases, stereotype plates, and copper plates of and pertaining to any printing or publishing establishment." Public Acts of 1858, p. 41, chap. LV. Apparently the legislature were in doubt whether the former statute as to chattel mortgages embraced printing or publishing establishments, and desired to. bring them clearly within its operation, as regards the kinds of property which had been the subject of discussion in *Patten* v. *Smith* ; thus declaring in effect that a printing or publishing establishment was to be regarded as a manufacturing or mechanical establishment, and that the presses, types, cases and plates were machinery or implements of the business.

In the Revisions of 1875 and 1888, the Act of 1858 is incorporated into the main statute, and, in so doing, the reference to presses, types, etc., follows the words "machinery, engines, implements;" but, in view of the history of the law, we do not think it is to be inferred that they would not otherwise have been included under the preceding terms of general description.

The import of the term "implements," so far as trade or manufacturing is concerned, does not seem to have changed since the first settlement in Connecticut. In *Cowell's Interpreter*, which was published in 1637, it is defined as signifying "things tending to the necessary use of any trade, or furniture of household," and Bouvier's Law Dictionary gives it as meaning "such things as are used or *employed* for a trade or furniture of a house."

The finding upon which this appeal is based shows, that upon the trial in the Court of Common Pleas it was admitted, or proved and not denied, that at the date of the mortgage the safe in question was a portable one, situated in the office of the factory, and used for the sole purpose of keeping the books, papers and cash of the mortgagor, appertaining to the business; and that its situation and use continued the same, until a year or two after its sale to the defendant. The plaintiff asked the court to instruct the jury that under the admitted facts, their verdict should be in his favor. The court declined to do so, and charged that while a safe might, under certain conditions, be an implement of a manufacturing establishment, it could be such only if it was necessary in the business carried on therein.

There is nothing in the statute as to chattel mortgages which requires that implements mortgaged by a manufacturer shall be peculiarly adapted to his particular business, or that they shall be necessary for its prosecution. It is enough if they are in fact situated and used in his establishment, for the benefit of the business there carried on, and are suitable and proper for such use. It having been admitted on the trial that the safe, for a conversion of which the suit was brought, was moderate size, and when mortgaged, and until long after

the sale to the defendant, was situated in the silk mill, and used solely for keeping the books, papers and money of the establishment, it was a necessary conclusion of law that it was such an implement of the business as to be protected by the mortgage. So far as this point is concerned, the jury should therefore have been directed to return a verdict for the plaintiff. *Whitney* v. *Brooklyn*, 5 Conn., 405, 416 ; *Peoples Savings Bank* v. *Norwalk*, 56 Conn., 547, 556.

The defendant, however, contends that, as the finding of the court below shows that the plaintiff's title rests on a deed which described the property mortgaged as subject to a prior mortgage, duly recorded, for $10,000, to a third party, and as the plaintiff has never been in possession, he is in no position to recover for a conversion. In support of this contention it is argued that the whole legal title was conveyed by the first mortgage ; that if the defendant is liable to any one, he certainly is to the first mortgagee ; and that it cannot be that each mortgagee has a separate action against him for the same tort. This is understood to be the doctrine of the Massachusetts courts : *Ring* v. *Neale*, 114 Mass., 111, 112; but it is there rested on the position that, in the case of chattel mortgages, the whole legal title and right of possession passes out of the mortgagor by the first mortgage, so that he can thereafter give only an equitable estate to a junior mortgagee, even as against a stranger. Such is not the law of Connecticut. We have recognized no difference in this respect between mortgages of real and those of personal property. As to the former, it is well settled that a junior mortgagee has a legal title on which he can maintain ejectment against the mortgagor, notwithstanding his deed was expressly made subject to a prior mortgage, which is outstanding and unsatisfied. *Savage* v. *Dooley*, 28 Conn., 411. The same view has been taken of the rights of the holder of a second mortgage of chattels, executed and recorded in conformity with our statutes. He is regarded as having a legal interest in the property, with a right of immediate possession against any one not claiming under the first mortgage. *White* v. *Webb*, 15 Conn., 302, 305 ; *Becker* v. *Bailies*, 44 Conn., 167, 174.

It is true that the defendant would also have been liable to an action by the first mortgagee (if the first mortgage is still unsatisfied) for the conversion of the safe; but it does not follow that he would have been liable to pay two judgments for its value. Had the first mortgagee sued and recovered judgment, its satisfaction would have discharged the lien of the second mortgage, by appropriating the security for the benefit of a paramount title, and the second mortgagee could thereafter have recovered only damages for the detention of the property after demand or suit by him, and before demand or suit by the first mortgagee. If, on the other hand, judgment is recovered in this action by the plaintiff, no demand having been made or suit brought by the first mortgagee, he is entitled to recover the full value of the property, applying it for the benefit of the parties to the mortgages according to their respective rights and equities. *White* v. *Webb*, 15 Conn., 302. In view of the equitable interest of the first mortgagee in the fund thus recovered, it would seem that he would be precluded (in the absence of bad faith or under-valuation) from claiming any judgment against the defendant for a conversion of the same property; but this question is not now before us.

The plaintiff contends that he was entitled to judgment on the record, *veredicto non obstante,* but as the admissions as to the character and use of the safe, upon which he relies, appear only from the finding prepared for the purposes of the appeal, it is manifest that this claim is untenable.

There is error in the judgment of the Court of Common Pleas, and a new trial is ordered.

In this opinion the other judges concurred.