OYLER *v.* SEMPLE.

Opinion delivered April 21, 1924.

1. HUSBAND AND WIFE—LIABILITY OF HUSBAND FOR WIFE'S BOARD.—Where a husband and wife separated, and he sent her and their child to her father, the latter was entitled to recover from the husband for the board of his wife and child, less the value of any services rendered by the wife and child.

2. EVIDENCE—WEIGHT AND SUFFICIENCY.—The jury is not bound to accept the testimony of a party as true.

3. HUSBAND AND WIFE—ACTION FOR BOARD OF WIFE—EVIDENCE.—In an action by a wife's father against her husband for board furnished to the wife and child, evidence *held* to sustain a verdict for defendant on the theory that the wife's services paid for board of herself and child.

4. HUSBAND AND WIFE—ACTION FOR WIFE'S BOARD—EVIDENCE.—In an action by a wife's father against her husband for board furnished to the wife and child, evidence that, on an application for alimony, the father had represented that the wife had been working for her board was evidence that she had earned her board.

5. APPEAL AND ERROR—HARMLESS ARGUMENT.—In an action by a wife's father against her husband for the value of board furnished to the wife and child the statement of defendant's counsel in argument that "plaintiff has lots of money, he is fond of spondulix," was harmless.

Appeal from Sharp Circuit Court, Northern District; *John C. Ashley,* Judge; affirmed.

*David L. King,* for appellant.

McCULLOCH, C. J. Appellant instituted this action against appellee to recover the sum of $110 for board of appellee's wife and infant child for three and two-thirds months at the rate of thirty dollars per month from May 25, 1921, to September 15, 1921.

It is alleged in the complaint that appellee and his wife, who was appellant's daughter, separated on May 25, 1921, and that appellee sent his wife and child to the home of appellant, where they were taken care of for the time stated above.

Appellee filed an answer, presenting issues which were tried before a jury, and the trial resulted in favor of appellee.

According to the testimony in the case, appellee and his wife separated on the day mentioned in appellant's complaint, and he sent his wife and child over to appellant, who was her father. On that day appellee instituted a suit for divorce, and appellee's wife and child remained with appellant until December 25, 1921, when appellee's wife became reconciled, and she returned to his home without the divorce suit having proceeded to final decree.

On September 15, 1921, appellee's wife applied to the chancery court for an order on appellee for the payment of alimony in the sum of thirty-five dollars per month, which sum the court allowed, payments commencing on that date.

In the present action appellant's claim against appellee is for board from the time appellee's wife and child came to his home up to the time the chancery court made the allowance. The court instructed the jury as follows:

"You are instructed that the defendant in this case is liable to the plaintiff, Mr. Oyler, for board and lodging of his wife and child from the 24th day of May, 1921, to September 15, 1921, and, in this connection, you are further instructed that the husband is entitled to the services of his wife, and whatever work she may have done

for the plaintiff, Mr. Oyler, or his family, or around his place, for him and his immediate family, such as hauling hay, hauling oats, and helping Mr. Oyler, and doing work which accrued to his benefit, would entitle Mr. Semple to a credit on the sum for board and lodging in whatever sum you might think such services were reasonably worth, basing your findings on the evidence in the case during the three and two-thirds months for which board and lodging is charged, and whatever amount you may find such services to be worth you will deduct from the sum you find to be a reasonable charge for such board and lodging, and render your verdict accordingly.''

There is no error assigned with regard to the giving of this instruction, and it is readily seen that the statement of the law was as favorable to appellant as he was entitled to. The instruction was peremptory as to appellee's liability to appellant for the keep of his wife and child, but submitted the question as to reduction for the value of any services rendered to appellant by appellee's wife. Of course, appellant could not collect for board which had been paid for by services.

It is earnestly insisted that there is no evidence to sustain the verdict, but we think that the evidence is legally sufficient to warrant a submission of the issue to the jury as to the value of the services rendered to appellant by appellee's wife. In the first place, appellant's case depended mainly upon his own testimony, which the jury was not bound to accept as true. *Skillern* v. *Baker,* 82 Ark. 86. In addition to that, there was some testimony to the effect that services were performed for appellant by appellee's wife while she was staying there. Appellant himself testified that she helped in the housekeeping, and there was also testimony that she performed labor in the field. Appellant and appellee were both farmers, and lived within a few miles of each other.

Appellee testified that the application to the chancery court for the allowance of alimony for his wife was made by her attorney, Mr. King, who is attorney for appellant in the present litigation, and that appellant

himself accompanied the wife when the application was made, and that both of them represented to the court, as grounds for the allowance of alimony, that appellee's wife had been, up to that time, working for her board. This testimony had substantive force in tending to show that appellee's wife had earned her board and that of her child up to the time the allowance was made by the court. We are therefore unable to say that the record is entirely free of any testimony bearing on the issues in the case.

There are assignments of error with respect to the rulings of the court on objections to argument of counsel, but there is nothing which appears to have had a reasonable tendency to prejudice the rights of appellant. One of the assignments relates to a statement of appellee's counsel in his closing argument, that appellant "has lots of money, he is fond of spondulix." The argument had no proper bearing on the issues in the case, but we fail to see any possible prejudice that might have resulted from the statement. It appears from the evidence that appellant was a farmer, having a comfortable home, and the statement to the effect that he had plenty of money and was fond of it was not calculated to arouse the passions and prejudices of the jury.

Of course, we are not concerned with the weight of the evidence further than to determine whether or not there is legally sufficient evidence to support the verdict.

Finding no error, and there being legally sufficient evidence to support the verdict, the judgment should be affirmed, and it is so ordered.