SMITH-ARKANSAS TRAVELER COMPANY *v.* GENERAL TIRE & RUBBER COMPANY.

Opinion delivered December 1, 1930.

819

*Robinson, House & Moses* and *Harry E. Meek,* for appellant, Smith-Ark. Traveler Co., and *R. E. Wiley,* for Mo. Pac. Transportation Co., appellant.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

MEHAFFY, J. The Smith-Arkansas Traveler Company was engaged in operating various bus lines out of the city of Little Rock, Arkansas, and on October 15, 1928, entered into a written contract with the General Tire & Rubber Company under which contract the General Tire & Rubber Company agreed to equip all motor coaches owned and operated by the motor coach operator with General Cord Tires of sizes to be designated. Said tires to be rented by the tire manufacturer to the motor coach operator; the motor coach operator agreed to equip all motor coaches owned and operated by it for at least a minimum of 3,500 miles per motor coach per month, and the manufacturer reserved the right to require the use of 3,500 miles per motor coach per month in each and every month in which the average tire mileage is less than the guaranteed mileage above. The price agreed on which the motor coach operator was to pay was $0.14 per motor coach per mile. This contract was really a renewal contract continuing the arrangement which had been in effect under similar contracts between the companies for several years.

On January 2, 1929, the Smith-Arkansas Traveler Company sold all its holdings to the Missouri Pacific Transportation Company, the purchaser assuming actual

possession on that date. There was a provision in the contract permitting the motor coach operator to use the tires it then had until they were worn out. The contract also provided that, if the motor coach operator desired to dispose of its equipment, the manufacturer would sell outright for cash all the tires on such motor coaches on the basis of the tire manufacturer's printed dealer's list in effect at the time of such disposal, less the accumulated mileage already paid for by the motor coach operator on such tires. There are numerous other provisions of the contract which we deem unnecessary to copy here, but attention may be called to some of them in the opinion. This suit was begun by the General Tire & Rubber Company in the Pulaski Circuit Court against the Smith-Arkansas Traveler Company to recover the amount alleged to be due it by the Traveler Company under the terms of the contract. The Smith-Arkansas Traveler Company filed answer admitting the execution of the contract sued on, and admitting the sale of all its property to the Missouri Pacific Transportation Company, and that the Missouri Pacific Transportation Company continued to operate the coaches with the tires and tubes thereon long after the purchase from the Smith-Arkansas Traveler Company. It denied that there is $11,205.78 due the appellee. It states that it executed a bill of sale to the Missouri Pacific Transportation Company, and that the Missouri Pacific Transportation Company took over all its property, and that all the obligations for tires and tubes were the obligations of the Missouri Pacific Transportation Company, and that said purchaser assumed all liabilities of the Traveler Company under its contract, and that, if the Tire Company was entitled to any sum, it was the obligation of the Missouri Pacific Transportation Company. It asked that the cause be transferred to equity and that the Missouri Pacific Transportation Company be made a party defendant. The Missouri Pacific Transportation Company thereafter filed answer and cross-complaint. It denied liability and alleged that any obligation arising under the contract

was the sole obligation of the Traveler Company. It asked that, if any judgment was rendered against it, it have judgment against C. H. Moses, W. A. Smith and Ike Kempner.

As we have already stated, the Smith-Arkansas Traveler Company sold to the Missouri Pacific Transportation Company and delivered to it all of its equipment on January 2. The court entered a decree in favor of the General Tire & Rubber Company against the Smith-Arkansas Traveler Company for $11,013.62 with interest thereon from January 1, 1929, to the date of the decree, amounting to the total sum of $11,674.49. On the cross-complaint of the Smith-Arkansas Traveler Company against the Missouri Pacific Transportation Company, the chancellor entered a decree in favor of the Smith-Arkansas Traveler Company against the Missouri Pacific Transportation Company for $6,820.03 with interest from February 28, 1929, until paid at the rate of 6 per cent. per annum. The Smith-Arkansas Traveler Company has appealed to this court for a reversal of the judgment against it, and the Missouri Pacific Transportation Company was granted a cross-appeal against the Smith-Arkansas Traveler Company and seeks a reversal of the judgment against it. The court found in favor of C. H. Moses, W. A. Smith and Ike Kempner.

It is earnestly insisted by the appellant, Smith-Arkansas Traveler Company, that its liability to the General Tire & Rubber Company should be computed on the basis of the number of tires on hand on March 1, rather than January 1, and quotes and relies on the following clause of the contract: "If during the life of this agreement the motor coach operator desires to dispose of * * * its fleet or equipment, * * * the tire manufacturer agrees to sell outright for cash all tires on such motor coaches to the motor coach operator on the basis of the tire manufacturer's printed dealer's list in effect at the time of such disposal or removal of motor coaches —less the accumulated mileage already paid for by the motor coach operator on such tires." The clause of the

contract is unambiguous, and we think necessarily means that when the coach operator disposes of the equipment he must pay for the tires according to the dealer's list less the accumulated mileage already paid. This means that when the Traveler Company disposed of the tires to the Missouri Pacific Company, the tire company no longer had any interest in the tires. The Traveler Company could permit the purchaser to use them or not, and the Tire Company would have no right except its right to collect the amount due at the time the Traveler Company sold to the Missouri Pacific Transportation Company. The Traveler Company permitted the use of the tires by the purchaser until the first day of March. Under the terms of the contract it then became liable to the Tire Company for the list price of the tires less the mileage paid for or the mileage due up to the time that the Smith-Arkansas Traveler Company sold it to the Missouri Pacific Transportation Company.

Appellant insists that because the Tire Company brought suit on the theory that the paragraph of the contract became operative as of the date the Missouri Pacific ceased using its tires and insisted that the contract should be made as of the date the Missouri Pacific ceased using its tires, it should be bound by this position and should not have been permitted to make the correction when it discovered that the January and February mileage had not been deducted. We do not agree with the appellants in this contention, but think the chancery court adopted the correct method.

The fact that appellee adopted an erroneous theory did not disentitle it to amend and proceed under a correct theory. "It is true that one by his conduct or statements may be estopped from asserting rights which might otherwise have existed, but, before he will be estopped, it must be shown that another has in good faith relied on such conduct or statements and has been thereby led to change his position for the worse." *Norton* v. *Maryland Casualty Co.*, ante p. 609; *Hot Springs Golf & Country Club Assn.* v. *Community Bank & Trust Co.*,

*ante* p. 715; *Thomas* v. *Spiers*, 180 Ark. 671, 22 S. W. (2d) 553. There is nothing in the evidence in this case that tends to show that appellant relied on any statements or conduct and was thereby led to change its position for the worse.

It is contended that the conduct of the Tire Company did not indicate that during January and February it regarded the title to the tires as vested in Smith-Arkansas Traveler Company. Evidently the Smith-Arkansas Traveler Company and the General Tire & Rubber Company wished the Missouri Pacific Transportation Company to assume the contract of the Traveler Company. This would have been advantageous to both of them, and we find nothing in the conduct of the Tire Company to indicate any intention to modify in any way the contract or to waive or relinquish any of its rights under the contract. It is contended, however, that, even if the Missouri Pacific Transportation Company did not agree to run out all the tires as contended by appellant, the record discloses facts sufficient to establish an implied liability to run out all such tires. There was nothing in the conduct of either party that in any way injured the Traveler Company. The decision of these questions, however, depends wholly upon the evidence, and the evidence is conflicting, and we are unable to say that the chancellor's finding is against the preponderance of the evidence, and in cases where the finding of facts by the chancellor is not against the preponderance of the evidence, such finding will not be disturbed. Under this rule the chancellor's finding of fact on these questions must be affirmed.

The Missouri Pacific Transportation Company prosecutes a cross-appeal, but it admits that the chancellor's finding that the obligation of the Missouri Pacific Transportation Company reached only 161 tires which were on the coaches on January 1, is not clearly against the preponderance of the evidence, but contends that the correct charge against the Missouri Pacific Transportation Company is $2,036.63, and that the amount found

by the court is excessive and was on a wrong basis. We do not agree with this contention. The same may be said of the evidence on this proposition as we have said on the other, that the chancellor's finding will not be disturbed when not against the preponderance of the evidence. The entire argument of the Missouri Pacific Transportation Company on this question is that the court adopted a wrong or improper basis, and we have reached the conclusion that the court adopted the correct basis. The following is the court's finding on this issue: "The court finds on the cross-complaint of the Smith-Arkansas Traveler Company against the Missouri Pacific Transportation Company that the said Smith-Arkansas Traveler Company is entitled to recover of the said Missouri Pacific Transportation Company the proportion of the said sum for which judgment is herein rendered in favor of the said plaintiff, General Tire & Rubber Company, that the 161 tires upon the buses bear to the 99 tires that were left in stock after deducting the 86 tires as aforesaid, to-wit: the sum of $6,820.03; and it is considered, ordered and decreed that said Smith-Arkansas Traveler Company have and recover of and from the said Missouri Pacific Transportation Company the said sum of $6,820.03 with interest thereon from the 28th day of February, 1929, until paid, at the rate of six per cent. per annum, and its costs, and have execution therefor as at law."

We think the above finding is supported by the evidence and is fair and equitable, and the chancellor's finding, being supported by a preponderance of the evidence, will not be disturbed by this court.

We have carefully considered all the evidence and have reached the conclusion that the decree is supported by a preponderance of the evidence, and it is therefore affirmed both on appeal and cross-appeal.