VINCENNES STEEL CORPORATION *v.* DERRYBERRY.

4-4651

Opinion delivered May 17, 1937.

*Seymour Riddle, Joe D. Shepherd* and *J. M. Smallwood,* for appellant.

*Bob Bailey, Jr.,* and *Bob Bailey,* for appellee.

McHANEY, J. On May 6, 1936, appellee, an employee of appellant, Vincennes Steel Corporation, was struck in the right eye by a steel rod which was being passed through a wooden form into which concrete was to be poured, in the construction of a bridge across Illinois Bayou in Pope county. The eye was destroyed and he suffered severe and painful injuries therefrom. The form was about 15 feet high and about 30 feet long, with a space on the inside of about 18 inches. It was made of tongue and grooved flooring called the web wall, nailed to 2 x 4 upright pieces on the outside of the web wall, and on the outside and nailed to the 2 x 4's were 4 x 4's called whalers, evidently meaning wales. These wales extended horizontally around the form, at right angles to the 2 x 4's, and extending from bottom to top at spaces of about 2 feet, for the purpose of preventing the form from spreading when the concrete was poured in. To further safeguard the form from spreading, holes 9/16-inch in diameter were bored through the wales and the web wall on one side and corresponding holes in the web wall and wales on the other side, through which small steel rods ⅜-inch in diameter were inserted, extending through the form and several inches on the outside of the wales. Steel washers with set-screws were then put on the rods and fastened thereto flush with the outside of the wales. Appellee, Luther Summers, foreman, and Burl Wait were engaged, at the time of the injury, in inserting the rods through the holes. Wait was on the west side of the form, Summers on the inside and appellee on the east side. Wait would insert the rod on the west side, pass it through the wale and the web wall, where it would be received by Summers who would guide

it through the web wall on the east side to appellee who would guide it through the wale. It frequently happened that, because the holes did not exactly correspond, appellee experienced some difficulty in getting the rods through the wale on his side, in which event he would maneuver the rod into place with his hand, or his hammer, then, on direction from him to Summers and from Summers to Wait, the latter would strike the end of the rod on his side and drive it through. Neither could see either of the others and Wait could not hear appellee give directions to hit it, so the directions to do so were relayed through Summers.

Appellee brought this action for damages against the Vincennes Steel Corporation and Burl Wait, and alleged as a ground of negligence, as stated by the court in instruction No. 1, the following: "He alleges as the sole cause of his injuries that the defendant, Burl Wait, struck an iron rod which he knocked through what is commonly called a whaler, and hit him in the eye; that the said Burl Wait hit the iron rod without instruction from his boss, Lee Summers, or any one. The defendant denies that Burl Wait so hit the iron bar, but states that Burl Wait hit the same after receiving instructions to do so from his boss, Lee Summers. The defendant further contends that the plaintiff gave instruction to Lee Summers to have the bar hit who transmitted the same on to Burl Wait, and that plaintiff was guilty of contributory negligence and assumed risk which will be hereafter defined."

It will, therefore, be seen that the sole negligence laid and relied upon was that of Wait, in that he hit the rod without a previous direction to do so. Appellant contends that the undisputed evidence is that Summers gave and Wait received an order to "hit it," and that the only dispute in the evidence is whether appellee gave Summers the order. Appellee says he did not give Summers the order whereas the latter says he did. Appellee, also, says that Summers told him to hit it, meaning hit the wale with his hammer, so as to move it up or down to bring the hole in conformity with the rod. Summers

says he gave no order to appellee to hit the wale, as he could not see either the wale or appellee, but did give such order to Wait on the direction of appellee. Moreover, he says it would do no good to hit the wale as it was tightly nailed to the upright 2 x 4's and was immovable. So, the undisputed evidence is that Summers gave an order to hit it; that Wait received the order and obeyed it; that appellee, believing the order was meant for him to hit the wale, did so and was not expecting Wait to hit the rod; that Wait, thinking the order was meant for him, did hit the rod, knocked it through the hole in the wale, and destroyed appellee's eye. Under this state of the record, was Wait negligent?

Trial resulted in a verdict and judgment against both Wait and Vincennes Steel Corporation in the sum of $10,000, the amount sued for.

We are of the opinion that Wait was not shown to be guilty of any negligence and that the trial court erred in refusing to direct a verdict in favor of both upon their motion so to do. The only negligence charged or relied upon against appellant was that of Wait in hitting the rod without a previous order to do so. If Wait was not negligent in this respect, then, of course, under the allegations of the complaint and the instructions of the court, appellant could not be held. As said by this court in *Hecht* v. *Caughron,* 46 Ark. 133, the chief object of our system of pleading is "to compel the adverse parties to disclose to each other the facts upon which they rely to uphold the claim upon the one side, and to maintain the defense on the other, in order that each may know what he is required to establish or repel by proof upon the trial." This statement was quoted in *Harvey* v. *Douglass*, 73 Ark. 221, 83 S. W. 946, with this additional: "In other words, the object of the code system is to force a trial on the merits, and pleadings must furnish the opposite party notice of exactly what is to be relied upon in a trial on the merits." Here the parties went to trial upon an allegation that Wait's negligence was the sole cause of the injury. It developed on the trial that Wait was not negligent, but perhaps Summers was. At least

the evidence was in dispute as to whether appellee gave Summers the order to "hit it" to be relayed to Wait, but there is no dispute that Summers gave such an order. But appellant cannot be held for Summers' negligence under the issue made. If the action had been brought against appellant and based on the negligence of Summers alone, Wait would not have been a party. He being a resident defendant, joined with a nonresident corporation, may have prevented appellant from attempting a removal of the action to the federal court. In any event, appellant was entitled to know which of its employees was charged with negligence, so as to be able to defend the charge intelligently, or take such steps in the premises as it deemed advisable. It could act only through human agency and is responsible only under the doctrine of *respondeat superior*.

Since Wait was not guilty of negligence, appellant cannot be held bound for an act of his which was not wrongful. The judgment will, therefore, be reversed, and the cause dismissed.

HUMPHREYS and MEHAFFY, JJ., dissent.

MEHAFFY, J. (dissenting). I cannot agree with the majority in holding that the sole negligence laid and relied upon was that of Wait in that he hit the rod without a previous direction to do so.

The appellee, in his complaint, alleges carelessness of the appellants as follows: first, in placing the appellee in such a dangerous and perilous place; second, in striking said heavy rod without warning to the appellee; third, in furnishing the appellee an inside place to work; fourth, in the appellant, Burl Wait, striking said heavy rod without either warning from the boss, Lee Summers, or anyone else, was the absolute cause of injury to appellee, and all could have been avoided by ordinary care.

It will be observed that the second allegation of negligence is the striking of said heavy rod without warning to appellee. It will, therefore, be seen from the complaint itself that the statement in the majority opinion, that the sole negligence laid and relied upon was that of Wait is erroneous. They relied upon the allegation of the negli-

gence of the appellant, and it was probably impossible for the appellee to know, since there were two other servants, which one was negligent; but it was alleged that it was negligence to strike the rod without giving appellee notice, and it seems to me to be wholly immaterial whether Summers was guilty of negligence, or Wait, because if either of them was guilty of negligence in striking the rod or causing it to be struck without notice from appellee, the appellants would be liable.

The evidence shows that the employees were where they could not see each other, and that the rod was not to be struck by Wait until notice was given by appellee. The truth is that the majority got its idea that the sole cause of negligence relied on was that of Wait from appellants' instruction No. 1 which the court gave. That instruction requested by the appellants and given by the court was as follows:

"Ladies and gentlemen of the jury, the plaintiff brings this action against the Vincennes Steel Corporation and Burl Wait to recover for personal injuries which he claims he sustained by negligence of the said Burl Wait, who was at the time of said alleged injury employed by the defendant, Vincennes Steel Corporation. He alleges as the sole cause of his injuries that the defendant, Burl Wait, struck an iron rod which he knocked through what is commonly called a whaler, and hit him in the eye; that the said Burl Wait hit the iron rod without instruction from his boss, Lee Summers, or any one. The defendant denies that Burl Wait so hit the iron bar, but states that Burl Wait hit the same after receiving instructions to do so from his boss, Lee Summers. The defendant further contends that the plaintiff gave instruction to Lee Summers to have the bar hit who transmitted the same on to Burl Wait, and that plaintiff was guilty of contributory negligence and assumed risk which will be hereafter defined."

This instruction should not have been given. There is a long line of decisions of this court to the effect that when evidence is introduced without objection the complaint will be treated as amended to conform to the proof. *Thomas* v. *Spires*, 180 Ark. 671, 22 S. W. (2d) 553.

In the instant case, the evidence on the part of the appellants showed that Summers directed Wait to hit the rod. The appellee testified that he did not notify Summers to do this, and the fact that in bringing the suit appellee thought Wait had struck the rod without notice from Summers is immaterial. If Wait struck the rod without notice the appellants would be liable, and if Summers directed him to hit the rod without receiving notice from appellee, the appellants would be liable.

"The fact that appellee adopted an eroneous theory did not disentitle it to amend and proceed under a correct theory. 'It is true that one by his conduct or statements may be estopped from asserting rights which might otherwise have existed, but, before he will be estopped, it must be shown that another has in good faith relied on such conduct or statements and has been thereby led to change his position for the worse.' *Norton v. Maryland Casualty Co.*, 182 Ark. 609, 32 S. W. (2d) 172; *Hot Springs Golf & Country Club Ass'n v. Community Bank & Trust Co.*, 182 Ark. 715, 32 S. W. (2d) 427; *Thomas v. Spires,* 180 Ark. 671, 22 S. W. (2d) 553. There is nothing in the evidence in this case that tends to show that appellant relied on any statements or conduct and was thereby led to change its position for the worse." *Smith-Arkansas Traveler Co. v. General Tire & Rubber Co.*, 182 Ark. 818, 33 S. W. (2d) 712.

There is no evidence in the instant case that appellant was misled in any way. On the contrary, it introduced the evidence itself. If appellee had alleged in his complaint that Summers was negligent in giving Wait the order to strike the rod, the appellant could then have shown that Summers did not give the order, but that Wait was negligent, and appellants would then have contended that the appellee relied on the negligence of Summers and, therefore, could not recover.

The fact is that the appellee alleged negligence of the appellants, and the proof established the negligence of the appellants, and the complaint should have been treated as amended to conform to the proof.

The majority opinion concedes that the evidence is in dispute as to whether appellee gave Summers the

order, and notwithstanding this statement in the majority opinion, they say under the state of the record that Wait was not negligent. Wait was a party to the suit, and his evidence is not to be taken as undisputed, but must be submitted to the jury, and the jury determines the credibility of the witnesses and the weight to be given to their testimony.

In the case of *Skillern* v. *Baker,* 82 Ark. 86, 100 S. W. 764, 118 Am. St. Rep. 52, 12 Ann. Cas. 243, Mr. Justice RIDDICK, speaking for the court, said: "It may be said to be the general rule that where an unimpeached witness testifies distinctly and positively to a fact and is not contradicted, and there is no circumstance shown from which an inference against the fact testified to by the witness can be drawn, the fact may be taken as established, and a verdict directed based as on such evidence. But this rule is subject to many exceptions, and where the witness is interested in the result of the suit, or facts are shown that might bias his testimony or from which an inference may be drawn unfavorable to his testimony or against the fact testified to by him, then the case should go to the jury. *Roseberry* v. *Nixon,* 58 Hun. (N. Y.) 121, 11 N. Y. S. 523; *Wohlfahrt* v. *Beckert,* 92 N. Y. 491, 44 Am. Rep. 406; *Thomasson* v. *Groce,* 42 Ala. 431; *Talcott* v. *Meigs,* 64 Conn. 55, 29 Atl. 131; *Miller* v. *White River School Tp.,* 101 Ind. 503; 6 Enc. Plead. & Prac. 696; *Ruiz* v. *Renauld,* 100 N. Y. 256, 3 N. E. 182; *Kelly* v. *Burroughs,* 102 N. Y. 93, 6 N. E. 109.

"In this case the witness was the defendant in the case. He was not only directly interested in the result, but there was the added circumstance that the party upon whom he testified that he served notice swore that he had no remembrance of any such service. If this witness told the truth, the fact that he had no recollection of the service of notice to which defendant testified was a circumstance from which the jury might have inferred that no service was in fact made, and that defendant was mistaken in so testifying. If we could go into a consideration of the weight to be attached to this evidence, we might agree with the trial judge that the judgment for defendant was right; but, as before stated, we are of the

opinion that the matter was one for the jury to determine." *Metcalf* v. *Jelks,* 177 Ark. 1023, 8 S. W. (2d) 462; *Oyler* v. *Semple,* 163 Ark. 620, 260 S. W. 744; *American Ry. Express Co.* v. *H. Rouw Co.,* 174 Ark. 6, 294 S. W. 416; *Nelson* v. *Missouri P. Rd. Co.,* 172 Ark. 1053, 292 S. W. 120; *Gibson Oil Co.* v. *Sherry,* 172 Ark. 947, 291 S. W. 66; *Paragould & M. R. Co.* v. *Smith,* 93 Ark. 224, 124 S. W. 776; *St. L. S. W. Ry. Co.* v. *Trotter-Minnis,* 89 Ark. 273, 116 S. W. 227; *Hankinson* v. *Lynn Gas, etc., Co.,* 175 Mass. 271, 56 N. W. 604; *Bank of British N. Amer.* v. *Delafield,* 126 N. Y. 410, 27 N. E. 797.

This court has repeatedly held that courts are not required to receive and accept blindly the testimony of parties to the suit. *Walker* v. *Streeter,* 191 Ark. 604, 87 S. W. (2d) 43. They are not required to accept blindly not only the evidence of the parties to the suit, but of employees and interested parties. But the majority says that Wait was not guilty of negligence. If the court can say that when the testimony is disputed, then I am curious to know what the jury is to decide.

Section 7 of Art. 2 of the Constitution of the state of Arkansas reads as follows:

"The right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law."

If this court, or any other court, can pass on a disputed question of fact, or say that a person is not guilty of negligence when the fact as to whether he is or not is disputed, then the section of the Constitution above referred to is meaningless.

If trial by jury remains inviolate, that necessarily means that every disputed question of fact is to be determined by the jury. The makers of the Constitution, however, not only provided that trial by jury should remain inviolate, but in § 23 of Art. 7 of the Constitution, it is provided:

"Judges shall not charge juries with regard to matters of fact, but shall declare the law, and in jury trials shall reduce their charge or instructions to writing on the request of either party."

It appears from the Constitution that the court or judge cannot only not pass on facts, but they cannot charge the jury with regard to facts. They cannot instruct on the weight of the evidence, and yet this court has held that Wait was not guilty of negligence, thereby, in my opinion, violating the sections of the Constitution above referred to.

The majority opinion calls attention to *Hecht* v. *Caughron,* 46 Ark. 132, and *Harvey* v. *Douglass,* 73 Ark. 221, 83 S. W. 946, as to the pleadings disclosing the facts relied on by the parties. These cases have no application for several reasons. In the first place, the statute provides, in § 1224, Crawford & Moses' Digest:

"In construing a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties."

When the complaint in this case is liberally construed, it alleges beyond any dispute that the appellants were guilty of negligence.

Section 1234 of Crawford & Moses' Digest reads as follows: "No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be shown to the satisfaction of the court, and it must also be shown in what respect he had been misled; and thereupon the court may order the pleading to be amended upon such terms as may be just."

The appellants in this case do not claim to have been misled in any way, and they could not have been misled.

The jury saw the witnesses, heard their testimony, had an opportunity to observe their manner and demeanor on the witness stand, and to judge as to the truth of their statements. We have no such opportunity, and that is one reason why the finding of fact by a jury is conclusive. No doubt they were told, as they frequently are, that they are the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony. This has been the rule ever since the

adoption of the Constitution, and I think for this court to say that a jury has decided wrong on a disputed question of fact not only violates the constitutional provisions referred to, but is contrary to all the cases decided by this court. The question of Wait's negligence was submitted to the jury on an instruction more favorable to appellants than they were entitled to.

The majority opinion states that Wait, being a resident defendant, joined with a non-resident corporation, may have prevented appellants from attempting a removal of the action to the federal court. The appellee might very well have joined both Wait and Summers. I do not know whether appellants had any idea of removal or not; but it is wholly immaterial, since both Summers and Wait might have been joined as parties defendant.

How the court can say that Summers was probably guilty of negligence, and at the same time not only reverse the case, but dismiss it, I am unable to see. I think the judgment should be affirmed.

McHANEY, J. (on rehearing). Appellee, in his brief on rehearing, says this court was not justified in holding that the sole negligence laid and relied upon was that of Wait, in that he hit the rod without a previous direction to do so, and quotes from his complaint the following: "That the carelessness of the defendants, first, in placing the defendant in such a dangerous and perilous place; second, in striking said heavy rod without warning to the plaintiff; third, in furnishing the plaintiff an inside place to work; fourth, in the defendant, Burl Wait, striking said rod without warning either from the boss, Lee Summers, or anyone else, was the absolute cause of injuries to the plaintiff and all could have been avoided by the use of ordinary care."

While it is true that he made these allegations in his complaint, it is, also, true that his proof was directed to one issue only, and the trial court instructed the jury in instruction No. 1, as quoted in our original opinion, at appellants' request, but without objection or exception from appellee, as follows:

"No. 1. Ladies and gentlemen of the jury, the plaintiff brings this action against the Vincennes Steel Cor-

poration and Burl Wait to recover for personal injuries which he claims he sustained by negligence of the said Burl Wait, who was at the time of said alleged injury employed by the defendant, Vincennes Steel Corporation. He alleges as the sole cause of his injuries that the defendant, Burl Wait, struck an iron rod which he knocked through what is commonly called a whaler, and hit him in the eye; that the said Burl Wait hit the iron rod without instruction from his boss, Lee Summers, or any one. The defendant denies that Burl Wait so hit the iron bar, but states that Burl Wait hit the same after receiving instructions to do so from his boss, Lee Summers. The defendant further contends that the plaintiff gave instruction to Lee Summers to have the bar hit who transmitted the same on to Burl Wait, and that plaintiff was guilty of contributory negligence and assumed risk which will be hereafter defined.''

This instruction limited appellee's right of recovery to the negligence of Wait, and, the necessary result was, to exclude a recovery on the other allegations of negligence as only the fourth ground of negligence set out above was submitted to the jury. If appellee felt aggrieved by this instruction, he should have objected, and, on the refusal of the court to modify same, have excepted. He did neither. In his brief in chief, he approves said instruction and refers to it in at least two places, saying: ''Instruction No. 1, given by the court to the jury was based on the testimony,'' etc., and ''The question of the negligence of Wait was submitted to the jury at the request of the defendant, as follows:'' (He then sets out the instruction in full as copied above.)

He now says: ''However, even if the court is correct in holding that plaintiff relied upon only one act of negligence in his pleading, the proof is ample to show, and, in fact, the court in its opinion admits, that the other employee, Summers, was guilty of negligence. The testimony showing Summers' negligence was introduced without objection; and, therefore, under our rule, the pleadings were considered as amended to conform to the proof.'' Appellee uses the word ''admits'' inadvisedly. What we said was, ''but perhaps Summers was'' negli-

gent. In other words, a jury question was made as to Summers' negligence if the complaint so charged, or had the trial court treated the pleadings as amended in this respect and so instructed the jury. But the trial court did not do so, nor was any instruction asked by appellee to do so. On the contrary, instruction No. 1, above set out, was given at appellants' request and with appellee's both silent and verbal approval. How can this court treat the pleadings as amended when the case was tried and the jury instructed upon the theory that the negligence of Wait was the sole ground of recovery? At page 53 of the transcript, the following occurred on redirect examination of appellee: "By Mr. Bailey. Q. You were told to take your hammer and knock that whaler? A. Yes, sir. Q. You had been telling Mr. Summers to hit it? A. Yes, sir. Q. You never said hit it that time at all? A. No, sir.

"By Mr. Smallwood: We object.

"By Mr. Bailey: Burl Wait hit this iron rod without any direction from the boss or from any one else, and I allege that. The boss had told him to hit this whaler and knock it up to where the holes would match, and Burl Wait hit this without any notice.

"By the Court: Your objection will be sustained.

"By Mr. Bailey: Note my exceptions. He done exactly what the boss told him to do, to hit that whaler and he hit it without notice. I ask that the record to show that I asked that the complaint be amended to speak the facts. I state here: 'The defendant, Burl Wait, striking said rod without warning either from the boss, Luther Summers, or any one else.' That is my complaint, and this happened simultaneous, at the same time.

"By Mr. Smallwood: That is not in response to the issue.

"By the Court: The objection will be sustained.

"By Mr. Bailey: Note our exceptions."

While counsel for appellee asked "that the complaint be amended to speak the facts," it is not quite clear just in what respect he wished to amend the complaint, but thereafter instruction No. 1 was given without objection which shows he abandoned his request to amend to conform to the proof, whatever his purpose may have been.

50

It is the general rule that where evidence is introduced without objection which tends to establish a cause of action not covered in the complaint, the trial court may treat the complaint as amended to conform to the proof, and this court will so treat it, but it must be tried here on the same theory it was tried below. In *Banks v. Corning Bank & Trust Co.,* 188 Ark. 841, 68 S. W. 452, the court quoted with approval the following from 2 R. C. L., 183: ''The authorities are agreed on the proposition that the case on appeal must be decided on the same theory on which it was tried in the court below. Thus, issues which were treated in the lower court by appellant as not involved, cannot be raised on appeal.'' So, before we can treat the complaint as amended to conform to the proof, the court below must have so treated it. As said in *Roach v. Richardson,* 84 Ark. 37, 104 S. W. 538: ''The court below so treated the issue as thus joined on the proof, and after judgment we will treat the answer as amended to correspond with the proof.'' Citing cases. Also, in *Pulaski Gas Light Co. v. McClintock,* 97 Ark. 576, 134 S. W. 1189, on page 582, it was said: ''* * *; and the court below so treated the issue as thus joined on the proof, and the complaint will be treated here as amended to conform to the proof.'' Citing *Roach v. Richardson, supra.* In *Barnes v. Hope Basket Co.,* 186 Ark. 942, 56 S. W. (2d) 1014, it was said: ''The record before us shows that the trial judge granted the request that the complaint be amended to conform to the proof, but clearly indicates that in his opinion in any view of the evidence no negligence attributable to the defendant was shown, and, without waiting for any amendment to be offered or made, instructed a verdict for the defendant. It is suggested by the appellee that the appellant's failure to amend the complaint precludes him from now complaining * * *. It is always within the sound discretion of the court to permit a complaint to be amended to conform to the proof; and where the allegations in the complaint are insufficient, it is proper at the conclusion of the evidence to treat the complaint as amended to conform to the proof, where there are no objections to the introduction of the evidence and no claim of surprise is made.''

.Now, if the court below had treated the complaint as so amended, it could and would be so treated here on appeal. No question was.raised in the original brief of appellee that the complaint should be treated as amended, but it is now raised for the first time in the petition and brief on rehearing. It comes too late.

We reaffirm the statement in the original opinion that the undisputed proof shows that Wait was not negligent and no recovery can be had under the allegation of the complaint so charging.

The petition for rehearing will be denied in the respects discussed above, but will be granted so as to reverse and remand for a new trial at appellee's request, instead of the former order of dismissal.

GRIFFIN SMITH, C. J., dissents from the remand.